The opinion of the court was delivered by
McEnery J.
The Gambrinus Benevolent Association, through its officers, alleging that Act No. 18 of 1886, known as the Sunday Law, did not apply to said association in the sale of beer and refreshments at a picnic or festival, which it proposed to hold, obtained an injunction from the respondent judge, forbidding the Mayor and police of the city of New Orleans from interfering with said festival in the sale of beer and other refreshments.
The case was allotted to Division D,” Civil District Court.
• The relators filed an exception to the jurisdiction of the court on 25th of August, 1896, and on the same day, bub prior to the filing of this motion, the respondent judge granted a rule, ordering relators to show cause why they should nob be punished for contempt for *1449 alleged interference with the writ of injunction. The relators applied for and obtained writs of certiorari and prohibition and pray that the writ of prohibition be perpetuated.
The respondent judge urges as an exception that the plea to the jurisdiction had not been disposed of. We adhere to the doctrine so often asserted in our jurisdiction that relief can not be granted under our supervisory jurisdiction, in anapplication for writ of prohibition, until all remedies have been resorted to in the lower court.
State ex rel. Shakespeare vs. Judge, 40 An. 607.
But in this case a rule for contempt was issued, ordering relators to show cause why they should not be punished for violating the writ of injunction. This is made a matter of complaint in the application for the writ. Under the writ of certiorari the whole record is before us, and it is competent for this court to ascertain whether or not the rule was issued by the court for the violation .of an order within its jurisdiction. State ex rel. New Orleans Gas Light Company vs. Voorhies, Judge, 37 An. 606.
This disposes with the necessity of passing upon the exception also urged by respondent that he had received no notice of the intention to apply for the writ. An application for the writ of certiorari does; not come within the meaning of the rule.
Act No. 18 of 1886 is a criminal statute. The duty was imposed' upon relator to see that the statute was executed. It was their duty to arrest all offenders against that statute. No court has the power-by injunction to restrain the execution of a criminal statute. But the; respondent judge says the law does not apply to the plaintiff iñ injunction. This is placing an interpretation upon a criminal statute that is within the jurisdiction of the Criminal Court.
In the case of Hottinger vs. City, 42 An. 630, it was said the courts of this State have no power to issue an injunction to prevent a municipal corporation from enforcing, by authorized judicial process, its police ordinances, penal in their nature, enacted for the promotion of the public health.
Much stronger, therefore, is the reason that no court can enjoin the execution of a criminal law of the State, or the officers upon whom devolves the duty, from enforcing obedience to the law.
The District Judge had no jurisdiction of the case, no right or power to issue the injunction, and, therefore, no power to issue the rule for contempt for violating the order.
*1450 The relief prayed for in the contempt proceedings is granted and the proceedings of the District Judge in the rule for contempt are annulled.