No. 14,267.

CHARLES D. BOIN vs. TOWN OF JENNINGS.

### SYLLABUS.

The question of the legality and constitutionality of a municipal ordinance, in the nature of a police regulation enforcible by fine and imprisonment, should be left to the court in, and to the occasion upon, which the attempt is made to enforce it, the remedy by appeal to this court being, in such case, open to the party as against whom the attempt is made. An injunction to restrain the enforcement of such an ordinance will not lie.

A PPEAL from the fifteenth judicial district, parish of Calcasieu —*Miller, J.*

---

*Fournet & Fournet,* for plaintiff, appellant.

---

*Cline & Cline,* for defendant, appellee.

The opinion of the court was delivered by

MONROE, J.   The plaintiff filed this suit upon September 13, 1901, alleging that he was, and had been, keeping a barroom in the town of Jennings, that he had paid his federal, state, and parish licenses for the year, and that he was in no way contravening any lawful ordinance, but that the town authorities had threatened him with arrest, fine, and imprisonment, unless he closed his establishment.   He further alleged that he had already sustained damage, and that, unless the town was prohibited from continuing in its unlawful course, he would be irreparably injured.   He, therefore, prayed for an injunction to protect him in his occupation, and for judgment perpetuating the same and awarding him damages and costs; and a preliminary injunction was issued, as prayed for, prohibiting the town of Jennings from hindering and obstructing plaintiff in the carrying on of his business "of a barroom."   The defendant excepted to the jurisdiction of the court and also excepted that the petition disclosed no right, or cause, of action, and, for answer, denied generally the plaintiff's averments and alleged that the injunction had been wrongfully sued out in order to obstruct the municipality in the enforcement of its valid ordinance and to enable the plaintiff to conduct an illegal business, and it further alleged that it had been prevented by the issuance of said injunction from collecting fines for violation of such ordinance to the amount of $100 a day and had been damaged to the extent of $250 in the matter of attorney's fees.   It, therefore, prayed that the injunction be dissolved, the suit dismissed, and the plaintiff condemned to pay $5100 as actual, and a like amount as punitory, damages.   The judge *a quo* referred the exceptions to the merits, but, after trial on the merits, declined to maintain jurisdiction, and dissolved the injunction, allowing the defendant the attorney's fee which it had asked, and costs, but he failed to make any disposition of the main action. The defendant has answered the appeal and prays that the judgment appealed from be amended in that particular and also by increasing the amount awarded against the plaintiff as damages.   The facts disclosed by the evidence are, practically, the same as those in the case of Donat Pucheu vs. Town of Jennings, this day decided, with one important difference, which will be mentioned a little later.   The plaintiff had paid his license, as alleged, and was engaged in keeping a barroom in the town of Jennings.   It is not claimed that the business was a nuisance *per se,* or by reason of the manner in which it

was conducted, but, on July 9, 1901, the mayor and aldermen, pursu·
ant to the power conferred, by paragraph 26, Sec. 15 of Act 136 of
1898, upon municipalities exercising their functions under the
authority of said Act, adopted an ordinance to take effect August
15th, prohibiting the selling or giving away of spiritous liquors within
the corporate. limits of the town, under penalty of fine, or imprison-
ment, or both, and, upon the 15th of August, the plaintiff was ordered
by the town marshal, acting under the authority of the mayor, and
both claiming to act under the authority of the ordinance, to close his
barroom, and he complied with the order. About a month later, he
obtained the injunction in this suit and re-established himself in
business under its protection. The important difference, to which we
have referred, between the case of Pucheu and that of plaintiff is this:
that, in the former case, the defendant proved the adoption of the
ordinance upon which it relied but did not prove its publication,
whereas, in the instant case, we find the following admission in the
record, to-wit;

"It is admitted by counsel for the plaintiff that ordinance No. 98 of
the mayor and board of aldermen of the town of Jennings was pub-
lished in the Jennings Times for four consecutive weeks, immedi-
ately after June 9, 1901. It is admitted by counsel for defendant
that plaintiff has license to sell liquor from the United States, from
the state of Louisiana, and from the parish of Calcasieu, for the year
1901, issued prior to the passage of ordinance No. 98, and that he
closed his place of business under the same circumstances as did
Donat Pucheu, plaintiff in the suit No. 3979. And this case is now
submitted on the foregoing admissions and on the evidence intro-
duced upon the trial of the case No. 3979, entitled Donat Pucheu vs.
Town of Jennings, as far as applicable, and subject to the same objec-
tions and exceptions."

Upon the facts thus presented, we are of opinion that the district
court properly declined jurisdiction to maintain the injunction, since;
it appearing that the effect of the injunction was to prohibit the
enforcement of an ordinance in the nature of a police regulation, the
question of the legality or constitutionality of such ordinance, whether
as to all of its provisions, or in part, should be left to the court in
which the attempt is made to enforce it, a remedy by appeal to this
court being open, in such cases, to the party as against whom the
attempt is made. City vs. Becker, 31 Ann. 644; Hottinger vs. City,

42 Ann. 629; Darcantel vs. Slaughterhouse Company, 44 Ann. 645; State *ex rel.* City vs. Judge, 48 Ann. 1449; Lecourt vs. Superintendent, etc., 49 Ann. 488; State vs. Crozier, 50 Ann. 247. The claim of the defendant for damages, other than attorney's fee, is predicated upon the idea that the town has been deprived of fines, at the rate of $100 a day, that would have been imposed upon, and collected from, plaintiff if it had not been for the injunction, and this idea rests upon the assumption that the plaintiff would have gone on paying such fines for the privilege of conducting a business the gross revenue of which was about one-tenth of the amount of the fines. Beyond this, some testimony, unauthorized by the pleadings, was offered in the other case as to the extra expense to which the town had been subjected by reason of the injunction, but it is not altogether clear that the testimony is applicable here, nor does it, in any event, fix the liability for such expense with reasonable certainty. The case is not one which, in our opinion, calls for the infliction of punitory damages. It is, therefore, ordered, adjudged, and decreed, that the judgment appealed from be amended by rejecting the demand of the plaintiff with costs in both courts and as amended, affirmed.