LAND, J.
On November 27,1906, the council of the city of New Orleans adopted Ordinance No. 4,211, which reads as follows, to wit:
“Section 1. That it shall be unlawful for any person or persons to establish or operate a baseball park or parks on any of the following streets or avenues of this citjq or within a radius of two squares from such streets or avenues, to wit: St. Charles avenue, Esplanade avenue, Carrollton avenue, and Canal street.
“Sec. 2. That any person or persons violating the foregoing section of this ordinance shall be subject to a fine of not more than twenty-five dollars ($25.00), or to imprisonment for not more than thirty (30) days, or both, at the discretion of the recorder in whose jurisdiction such violation shall take place, and every day during which such baseball park or parks shall be operated in violation of this ordinance shall constitute a separate violation of the same, and shall be punishable as such.”
On November 10, 1906, the New Orleans Baseball & Amusement Company, Limited, a corporation duly chartered for the purpose- of establishing, operating, and maintaining a park for the playing of baseball, and to that end to acquire by purchase such property and ground as might be necessary to carry out the objects and purposes set forth in its charter, purchased a certain square of ground in the First district of the city of New Orleans, comprised within and bounded by Carrollton avenue and Banks, Palmyra, and St. James (now Pierce) streets, for the price of $40,000, with the intention to erect and operate thereon a baseball park.
On December 10, 1906, said company filed suit in the civil district court of the parish of Orleans, praying for an injunction restraining the mayor and officials of the city of New Orleans from enforcing said ordinance against the petitioner, and from interfering with petitioner in erecting and operating a baseball park on said square of ground.
The petition charged that said ordinance is illegal, null, and void for the reasons, to wit:
(1) That the council of the city of New Orleans had and has no power, right, or authority to pass said ordinance, and the same is ultra vires.
(2) That said ordinance is oppressive, unreasonable, unjust, and illegal.
(3) That said ordinance deprives petitioner of its property -without due process of law, in violation of the Constitution and laws of this state, and in violation of the Constitution of the United States, and especially the fourteenth amendment thereof. - r_,
(4) That said ordinance denies to petitioner the equal protection of the laws, in violation of the Constitution and laws of this state, and in violation of the Constitution of the United States, and especially the fourteenth amendment thereof.
(5) That said ordinance operates an illegal discrimination against petitioner, by preventing petitioner from owning and operating a baseball park within the limits named, while others are permitted to owl and operate baseball parks within said area, and are so operating the same by and with the consent and acquiescence of the said city of New Orleans.
The petition charges that said ordinance was adopted solely for the purpose of prohibiting petitioner from erecting and operating a baseball park on said square of ground, and that petitioner has been notified by the mayor of the city that said ordinance would be enforced against said company. The petition further alleges that the business of operating a baseball park is legitimate, and licensed by the city and state, and, if properly conducted, affords an innocent, harmless, and pleasant amusement to the people, and the enforcement of said ordinance will damage peti *231 tioner in many thousand dollars by deprivation of its franchise and property rights in the premises.
The district judge ordered the defendant city to show cause why the preliminary injunction should not be granted as prayed for by the plaintiff.
The city of New Orleans answered:
(1) That the court was without jurisdiction ratione materise to issue an injunction to restrain the municipal authorities from enforcing a police ordinance, penal in its nature.
(2) That plaintiff’s petition discloses no cause of action.
(3) That the ordinance complained of is legal and valid.
After hearing argument of counsel, the district judge ordered the preliminary writ of injunction to issue as prayed for by the plaintiff. Defendant filed a motion for a new trial, which was denied, and thereupon application was made to the Supreme Court for a writ of prohibition.
This court ordered the district jufi£?e to show cause why the writ of prohibition applied for should not be granted.
The respondent judge, for answer, avers that the civil district court was seised of jurisdiction to issue the injunction and to grant the relief prayed for by plaintiff, and makes part of his answer the record of the cause, including his written opinion assigning reasons for his action, from which we make the following extracts, to wit:
“The substance of the petition is that plaintiff purchased a piece of property and proposed to erect thereon a baseball park, in which to play baseball, and thereafter the city of New Orleans, for the purpose of preventing its operating that baseball park, passed an ordinance prohibiting baseball parks in a certain area. It is alleged in the petition that other1 baseball parks are operated in the same area, and in the argument of counsel on this application it is admitted or stated that there are from two to three baseball parks in that same area, which had existed there for 25 years before the passage of this ordinance.
“This court has jurisdiction to preserve property rights. It makes no difference, where the court undertakes to preserve property rights, that it has to deal, in connection therewith, with criminal ordinances.
“Now, in passing upon this application, the allegations of the petition must be taken as true. The playing of baseball on a park, or keeping a baseball park, is not a nuisance per se. It cannot be declared a nuisance by ordinance, nor can an ordinance be passed to prevent the playing of baseball in a park in a certain area, in a park owned by certain persons, and permit certain other persons in the same area to play or continue to play the game of baseball in a park owned by them. Such an ordinance is discriminator-y and personal, and, if the facts or allegations in the petition are true, it is certainly illegal, null, and void.”
The writ of prohibition issues to the judge of the inferior court where the cognizance of the cause does not belong to such court or it is not competent to decide it. Code Prac. art. 846.
In the case -at bar the city contends that the civil district court for the parish of Orleans is without jurisdiction to issue an injunction, when it appears that the effect of the injunction is to prohibit the enforcement of an ordinance in the nature of a police regulation, and that the question of the legality and constitutionality of such an ordinance should be left to the court in, and to the occasion upon, which the attempt is made to enforce it. It is argued that jurisdiction is vested in the recorders’ courts in the city of New Orleans for the trial of offenses against city ordinances, subject to an appeal to the criminal district court for the parish of Orleans, and that the civil district court of said parish is without any criminal jurisdiction whatever. Articles 141, 139, and 133 of the Constitution of 1898. There can be no doubt as a general proposition that the civil district court has jurisdiction of all ordinary injunction suits against the city of New Orleans; but it is contended that such court is not competent to enjoin the enforcement of a quasi criminal ordinance, and in so doing exceeded its legitimate powers. In State ex rel. Behan v. Judges, 35 La. Ann. 1075, it was pointed out that a court may have jurisdiction of the subject-matter in controversy, and at *233 the same time exceed its legitimate powers in the premises, as when the court enjoined a city council from exercising its delegated power of amotion of one of its officers.
In Boin v. Town of Jennings, 107 La. 410, 31 South. 866, the plaintiff had enjoined the execution of an ordinance prohibiting the selling or giving away of spirituous liquors within the corporate limits of the town. This court held that the inferior court properly declined jurisdiction to maintain the injunction, the effect of which was to prohibit the enforcement of an ordinance in the nature of a police regulation, saying that “the question of the legality or constitutionality of such ordinance, whether to all its provisions, or in part, should be left to the court in which the attempt is made to enforce it, a remedy by appeal to this court being open, in such cases, to the party as against whom the attempt is made,” and citing City v. Becker, 31 La. Ann. 644; Hottinger v. City, 42 La. Ann. 629, 8 South. 575; Darcantel v. Slaughterhouse Company, 44 La. Ann. 645, 11 South. 239; State ex rel. City v. Judge, 48 La. Ann. 1449, 21 South. 28; Lecourt v. Superintendent, etc., 49 La. Ann. 488, 21 South. 646; State v. Crozier, 50 La. Ann. 247, 23 South. 288. In the case of Boin v. Town of Jennings, plaintiff alleged irreparable damage to his business of conducting a barroom. In Devron v. First Municipality, 4 La. Ann. 11, it was held that an injunction would not lie to restrain a municipal corporation from instituting suit before a justice of the peace against a party for infractions of an ordinance prohibiting the sale of groceries in the vegetable market. In Levy & Co. v. City of Shreveport, 27 La. Ann. 620, it was held that the plaintiff could not test the authority of the mayor to enforce the ordinance of the city prohibiting private markets, and the legality of said ordinances, by an injunction.
In Hottinger v. City, 42 La. Ann. 629, 8 South. 575, the same doctrine was announced as to an ordinance changing the location of dairies; the plaintiff alleging damage to her business and property rights. The- court held that the ordinance was a police regulation, in the interest of public health, with a penalty for its violation, and if it was unconstitutional, as alleged, the plaintiff could suffer no injury, as she could urge her defense in the recorder’s court, and, failing there, had her remedy by appeal to the Supreme Court.
In all of the cases cited the ordinances sought to be enjoined were relative to matters clearly within the domain -of the police power, such as the traffic in intoxicating liquors, markets, dairies, slaughterhouses, and the like.
There is a line of decisions, however, to the effect that, where penal ordinances injuriously affect existing property rights, their legality or constitutionality may be inquired into by a court of equity, and their execution in a proper, case enjoined.
In L’Hote v. City of New Orleans, 51 La. Ann. 93, 24 South. 608, 44 L. R. A. 90, this court said:
“The plaintiff seeks the injunction for the protection of his rights of property, menaced, as he conceives, by an illegal ordinance. The right of the citizen to that protection is too clear for dispute.”
The ordinance in that case was sustained as a proper exercise of the police power, yet the jurisdiction of the court to issue the injunction was affirmed. In that case the decision was bottomed on the principles announced in High on Injunctions, § 68, from which we make the following extracts, viz:
“So equity will not interfere by injunction to restrain municipal officers from the prosecution of suits for the violation of city ordinances, such proceedings being of a quasi criminal nature, since equity will not interfere with the execution of the criminal law, whether pertaining to the state at large, or to municipalities, which are agents in the administration of the civil government. * * * If, however, the act concerning which an arrest or criminal prosecution is threatened affects civil property and its enjoyment, in protecting the property right, equity may properly enjoin the criminal proseeu *235 tion. But in such case its interference is founded solely upon the ground of injury to property and the necessity of preserving property rights; and, where such rights are not clearly involved, the relief will be denied.”
In the case of Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169, the question was thoroughly considered, and the following principles announced: '
1. .Municipal ordinances, and even legislative enactments, .are subject to investigation by the courts, with a view of determining whether the law or ordinance is a lawful exercise of the police power, or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with constitutional rights to carry on a lawful business, make contracts, or use and enjoy property.
2. While the right to exercise the police power is a Continuing one, and a business lawful to-day may in the future become a menace to the public welfare and be required to yield to the public good, the exercise of the police power is subject to judicial review, and property rights cannot be wrong-' fully destroyed by arbitrary enactment.
3. Although an ordinance may be lawful on its face and apparently fair in its terms, yet, if it is enforced in such a manner as to work a discrimination against a part of the community for no lawful reason, such exercise - of power will be invalidated by the courts.
4. Where property rights will be destroyed, unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a court of equity.
In that ease the plaintiff had purchased grounds for the erection of gas works, within the prescribed limits for such plants, and had commenced the construction of the same, when the municipal authorities arbitrarily changed the limits so as to exclude such grounds and works. The court said that the allegations of the bill disclosed facts sufficient to bring the case “within the class of cases wherein the court may restrain the arbitrary and discriminatory exercise of the police power, which amounts to a taking of property without due process of law, and an impairment of property rights protected by the fourteenth amendment to the federal Constitution.”
As the plaintiff in this case claims the protection of such amendment, the views of the Supreme Court of the United States above enunciated must be accepted as controlling. The case as presented by the plaintiff’s petition herein need not be repeated. Suffice it to say that, taking all the allegations of the fact for true, a case is presented of a personal, discriminatory, and arbitrary ordinance, the execution of which will greatly impair the plaintiff’s right of property. We have not been referred to any provision of the city charter which subjects the game of baseball as described in the petition to the police power of the municipal authorities. The playing of baseball does not injuriously affect the public health or morals, and is not a public nuisance any more than any other athletic sport. The power of the city council to enact any such ordinance may well be questioned.
It is therefore ordered that the rule issued herein be discharged, and that relator’s application be dismissed, with costs.