BREAUX, C. J.
Plaintiffs conduct saloons, one in Centerville and the other in Charenton, small towns in St. Mary parish.
One opened his saloon in 1902 and the other in 1905.
They aver that they obtained some recognition of their right to continue in the liquor business. To this asserted right they refer as a permit granted by the police jury.
Without detailing the facts connected with the asserted permit granted, they refer with some particularity to the repeal by the police jury of the authority to open a saloon which they assert had been granted to them by the police jury in the years 1902 and 1905; that is, the years that they opened the business of saloon keeping.
Plaintiffs aver that after the enactment of the-Gay-Shattuck law the police jury undertook to recall the “permit” which had been granted them in 1902 and 1905-, that body asserting as the reason for this recall that they were within 300 feet of a church or schoolhouse.
Plaintiffs’ contention next is that the GayShattuck law is without application, as it is of a date subsequent to their acquired right; that to it cannot be given a retroactive effect.
Plaintiffs aver that the police jury and the officers of the parish will attempt to enforce the void ordinance and subject them to the pains and penalties which its enforcement will entail, and that to avoid the disadvantageous and slow steps to be followed in testing the police jury’s action by criminal proceedings, and to avoid a multiplicity of suits, they have resorted to the proceeding by injunction. .
They ask that the injunction be made perpetual, and that the attempt at recalling the alleged permit be declared illegal and null.
They add specifically that the police jury’s action is violative of the organic law of the land, and especially of the fourteenth amendment; that they are denied the benefit of due process of law.
They urge they cannot be required to obtain other permits to enable them to carry on a business previously legitimate, and not subject to the least objection.
The defense denies that plaintiffs had permits to conduct a saloon business prior to the date of the Gay-Shattuck law, and controverts all of the grounds for the injunction alleged by plaintiffs.
The plaintiffs value the right of which they say they will be deprived at over $2,000.
This value is not denied by defendant.
It is admitted substantially that prior to the enactment of the Gay-Shattuck law there were no police jury resolutions adopted relating to the liquor business, and that plaintiffs were subject to the police power only.
It appears, also, that plaintiffs conducted their business as liquor dealers within 300 feet of a church, and that, after the enactment of the Gay-Shattuck law, they moved their respective saloons away from this church. However, after the decision in State v. Grunewald, 123 La. 527, 49 South. 162, one of the plaintiffs moved back to within 300 feet of the church, but the other did not move back.
Both of the plaintiffs were under the impression that the decision referred to was favorable to their cause.
We find the following in the agreed statement of facts:
*731 That this plaintiff obtained a permit to do business within the radius mentioned.
It is not stated whether this permit was obtained before or after the date of the enactment of the Gay-Shattuek law.
The agreed statement recites, to wit:
“Prior to the passage of Act 176 of 1908, no special permits were issued by the police jury.”
It follows from the foregoing that, if any permit at all was issued, it was issued after the enactment of the law in question.
It is stated in the agreed statement of facts that plaintiffs consulted the district attorney, and were informed by him that the act in question applied to all saloons within 300 feet of a church or a school.
The officer expressed the opinion, as stated in the agreed statement of facts, that plaintiffs would have to move if they were conducting the business of retail liquor dealers within a radius of 300 feet of a church or school.
There were other admissions made.
It was admitted, inter alia, for the trial that the permits were revoked by the police jury on the ground that the saloons were within the prohibited area.
There were still other admissions, which we do not deem proper to insert here, as we do not consider them pertinent.
[1] Taking up the issues for decision, we find, first, parties necessary to a final decision of the issues are not before the court.
Although no point has been made by the defense of want of proper parties to stand in judgment, the question being, in our opinion, jurisdictional, on the ground of want of proper parties, we have determined to deny the injunction and dismiss the action. In our view that is the only action to take.
[3] We are constrained to decline to finally consider the issues before us. They can be raised contradictorily with the state, but not contradictorily with the police jury, a subordinate authority, for the questions raised are between the'state and the plaintiffs, and not between the plaintiffs and the-police jury.
[2] The plaintiffs are without authority to raise the issue with the police jury. The only purpose is to obtain an interpretation of the statute cited above. This cannot be done in this ease.
Plaintiffs ask nothing save an interpretation of that statute. They did not claim that any amount was due them in any way. There is no judgment prayed for here which can be enforced against the police jury.
The police jury has done nothing rendering it liable in answer to an injunction.
[4] Second. The acts prohibited in the law cited above are classed as misdemeanors.
Plaintiffs are without right to an injunction to arrest a prosecution possible under a criminal statute, whether the act denounced be a misdemeanor or a felony.
The statute does not confer the remedy as is sometimes done in some statutes. It certainly does not confer on the plaintiffs any rights to an injunction against the police jury.
If an offense is committed against the state, a penal suit on the part of the state is the remedy of the state, to which defendant must answer.
Their remedy is limited to their defense against the state.
The case of L’Hote v. City, 51 La. Ann. 93, 24 South. 608, 44 L. R. A. 90, is very much in point.
See, also, Lecourt v. Gaster, 49 La. Ann. 487, 21 South. 646; City v. Judge, 48 La. Ann. 1448, 21 South. 28.
This court held that no court had the power by injunction to restrain the execution of a criminal statute.
We may here state, if an officer in executing a statute were to occasion damages by arbitrary and illegal acts in executing the law, defendant might have a remedy against the officer.
*733 That is not the pres'ent case.
No action for damages or for anything else except for the interpretation of the statute was instituted.
The resolution of the police jury, or whatever it was, has been repealed.
We may go one step further, and add, if the police jury has authority to repeal the ordinance, there is no error. If it did not have that authority, its action is only brutum fulmen.
For reasons assigned, the judgment of the district court denying the injunction and dismissing plaintiffs’ petition is affirmed.