DAWKINS, J.
This is an appeal by the plaintiff in injunction proceedings against the defendants, discharging one of them, the present inspector of police, Frank T. Mooney, from a rule for contempt provoked by plaintiff for the alleged violation of said injunction; it being contended by plaintiff in rule that the said inspector violated the writ which was issued to restrain interference with Crucia in holding musical performances in his restaurant, on the ground of the alleged illegality of Ordinance No. 4221 of the commission council of the city of New Orleans.
Answering the rule for contempt, the inspector set up that the plaintiff had been indicted by the Orleans parish grand jury for violating the Sunday law, and also Act 199 of 1912, making it a misdemeanor to operate a disorderly house; that after the return -of said indictments defendant in rule, who, so far as he knows, has never been enjoined from charging plaintiff with the violation of section 1 of said Ordinance No. 4221, C. C. S., did cause the arrest of plaintiff for the violation of said section; but that in doing so no disrespect was meant for the orders of the court, but respondent was merely exercising the functions of his office upon a subject-matter which fell clearly within the domain of a police regulation. He further averred that since the service of the rule he had been informed that early in 1917 Division B of the civil district court had issued a writ of injunction restraining the present mayor and the then acting inspector of police, John P. Boyle, from enforcing'said ordinance against plaintiff; that Boyle is no longer connected with the police department ; that respondent was not connected with said department when the writ was issued, and has never been made a party to the suit; further, that the civil district court was without jurisdiction, ratione materise, and without power or authority to_ issue said writ, and that said court had subsequently rescinded the same as having been improvidently granted; and that since the institution of this suit the Supreme Court had, in Tranchina v. City of New Orleans, 141 La. 788, 75 South. 683, held said ordinance valid. *147 Opinion—Jurisdiction of the Lower Court to Issue the Injunction.
[1] Whenever it is shown that the enforcement of an alleged illegal law or ordinance, though penal in its nature, will injure a property right, courts of equity have the power and jurisdiction to interfere for the protection of those rights. Le Blanc et al. v. City of New Orleans, 138 La. 243, 70 South. 212; Patout Bros. v. Mayor & Board of Trustees of New Iberia, 138 La. 697, 70 South. 616; New Orleans Baseball & A. Co. v. City of New Orleans, 118 La. 228, 42 South. 784, 7 L. R. A. (N. S.) 1014, 118 Am. St. Rep. 366, 10 Ann. Cas. 757; McFarlain v. Town of Jennings, 106 La. 541, 31 South. 62. Therefore, having had jurisdiction to issue the injunction on the allegations of plaintiff’s petition which charged injury to his business as the keeper of a restaurant, it follows that the court likewise had jurisdiction and power to entertain the contempt proceeding.