No, 293,368

First Circuit

---

MILLER v. DOYAL

---

(May 8, 1928. Opinion and Decree.)
(June 12, 1928. Rehearing Granted.)
(December 4, 1928. Opinion and Decree on Rehearing.)

---

Williams & Blackshear, of Oakdale, attorneys for plaintiff, appellee.

C. D. Reed, of Oakdale, attorney for defendant, appellant.

LECHE, J. The matter at issue in this case is the ownership and possession of a mule. Its identity is not questioned in this Court, and its description therefore is unnecessary. It is not disputed that the mule at one time belonged to plaintiff, but defendant claims title by purchase from one Nick Parrino, who acquired by purchase at public sale, said to have been made in conformity with all the requirements of law.

The value of the mule is not stated in plaintiff's petition nor in the answer of defendant, but defendant makes claim for $50.00 damages for the wrongful issuance of a writ of sequestration which was obtained by plaintiff.

It appears from the testimony that Nick Parrino bought the mule at public auction for twenty-four dollars and that he sold it to defendant for fifty dollars.

Question: Have we jurisdiction of this case on appeal?

Assuming the value of the mule to be fifty dollars and that the claim for damages is not inflated and that it is made in good faith, the whole amount in dispute does not exceed one hundred dollars. Under Section 48, Article VII, of the Constitution, where the amount in dispute does not exceed one hundred dollars, concurrent jurisdiction is vested in the District Court and the Justice of the Peace Court. The amount in dispute here does not exceed one hundred dollars and therefore is below our appellate jurisdiction as fixed by Section 29 of Article VII of the Constitution.

For these reasons, acting ex proprio motu, it is ordered that the present appeal be dismissed. Sennette vs. Police Jury, 129 La. 728, 56 So. 653.

ON REHEARING.

LECHE, J. Plaintiff as owner, sues for the recovery of a mule alleged to be in the illegal possession of defendant. The defendant answered that he bought the mule from one Nick Parrino, who bought it at a public sale made by the impounding officer of Cheneyville, in Rapides Parish. That said public sale was preceded by all the formalities required by law, and defendant then prayed that plaintiff's demand be rejected.

The District Judge granted plaintiff's demand and defendant has appealed.

After a former hearing, we held that the demand was not within our jurisdiction and dismissed this appeal. On application for rehearing, it was discovered that proof was offered and admitted without objection, that the mule at the time this suit was filed, had become worth the sum of one hundred twenty-five dollars. It is therefore apparent that our ruling in dismissing the appeal was erroneous and our former decree is therefore set aside.

The salient facts are that the mule in question was an estray, was taken up while roaming at large and impounded by the impounding officer at Cheneyville in the Parish of Rapides. Not knowing whose property the animal was, and no one appearing to claim it, the impounding officer then proceeded to dispose of the mule in accordance with the police regulations of the Parish of Rapides.

The main requirements of that ordinance are that upon taking up of any stock by the impounding officer he shall immediately notify the owners of said stock by publication in the official journal of the Parish of Rapides and by posting said notice in a conspicuous place in the towns of Lecompte and Cheneyville in the Parish of Rapides. That after the expiration of five days from the impounding of said stock, and five days after the publication of said notice, and the owner of said stock has not come forward and claimed same, it shall then be the duty of the impounding officer to advertise the stock for sale by inserting in one issue of the official journal of the Parish and by posting in a conspicuous place in the towns of Lecompte and Cheneyville, in the Parish of Rapides.

It is not disputed that the impounding officer failed to carry out the specific provisions of the police regulations of the Police Jury of the Parish of Rapides, which requires the posting of notices and which fixes the delays that should expire previous to the advertisement that should precede the sale. The trial Judge found that these formalities had not been complied with, and hence his judgment in favor of plaintiff. We find nothing in the record, nor does defendant in his argument, point out any evidence to discredit this conclusion of fact. The mere statement by one of the witnesses that the requirements had been complied with is not evidence of that fact, but is simply an expression of opinion on the part of the witness that such fact exists.

It is elementary that a police regulation which in its enforcement, divests a citizen of his property without ordinary citation and without a hearing in court, must be strictly complied with. The publication and posting of notices which must of necessity, be substituted for ordinary judicial process, must be observed to the letter in order to constitute due process of law. It is virtually conceded by defendant's argument that there was no strict observance of these formalities. It therefore follows that plaintiff was deprived of his property without due process of law.

Defendant earnestly contends that plaintiff in this case, is attempting to collaterally attack the validity of the sale made by the impounding officer. Plaintiff is suing for the possession of a mule and recognition of his ownership thereof. It is not controverted that the mule did at one time belong to him, but defendant claims title as the result of a sale alleged to have been made by an impounding officer who was acting under the police regulations of the Parish of Rapides. It is encumbent on defendant to establish the validity of his title and to show that plaintiff's title was legally divested. We do not believe that plaintiff is collaterally attacking the validity of the sale, for that issue is the real basis of the defense and the validity of the sale must be shown by defendant, without the necessity of any attack on the part of plaintiff.

Defendant also contends that plaintiff is not in a position to argue the unconstitutionality of the ordinance under which the impounding officer was acting. He may be right in this contention, but we express no opinion thereon. We believe that defendant has failed to show a legal divestiture of plaintiff's admitted past ownership of the mule, that conceding the ordinance to be legal and constitutional its requirements have not been complied with and that the mule still belongs to plaintiff.

For these reasons the judgment appealed from is affirmed.