THOMPSON, J.
 

 The relator is a chartered club organized for social purposes. Its domicile is in the town of Leesville, Vernon parish, where it rents an office or room for the use of its members.
 

 The room is suitably furnished and equipped for various kinds of games, including that of billiards and dominoes, and the members are privileged to gather there and to engage in such games.
 

 In April of the present year the mayor and board of aldermen passed an ordinance declaring it unlawful for any person or persons, whether it be owner, operator, or manager, to operate poolrooms or places for playing pool, within the limits of the town, and fixing a penalty therefor.
 

 By a separate ordinance it .was also made unlawful to play dominoes within the limits of said town, subject to a fine and imprisonment.
 

 After the adoption of the ordinances, the members and officers of the club continued to play the game of billiards and dominoes, whereupon the president of the club was arrested, tried, and convicted in the city court.
 

 It does not appear from the record whether sentence was imposed, nor what further action was taken in the case; nor does it appear what defense, if any, was made in that case.
 

 The relator went into the district court and asked for a preliminary injunction ordering the town, through its officers, to desist from molesting the club in the operation of its poolroom and from arresting any of the club members violating the ordinances.
 

 In the petition it is alleged that the ordinances are null and void, for the reason that the town of Leesville is without power or right or authority to prohibit the owning and playing said games within said town, and that the ordinances are unconstitutional, in that they are contrary to the Fourteenth Amendment to the Constitution of the .United States, and that the town of Leesville was not legally incorporated, because the proclamation of the Governor creating the town was not recorded.
 

 It was further alleged that the members of the club have the right to own and play on pool tables within their clubrooms, and also to play dominoes.
 

 The town appeared, and among other exceptions pleaded that the petition did not show the invasion of a property right by the enforcement of its penal ordinances, nor did it show that the petitioner was threatened with an irreparable injury, against which the courts vested with criminal jurisdiction afford no adequate remedy.
 

 The trial judge sustained this defense, and declined to issue the injunction, whereupon the relator obtained and perfected what is called a suspensive appeal.
 

 The transcript has been filed in this court, bearing the number 30103, and presents the same legal question as is involved in the application under consideration.
 

 We must decline in this proceeding to inquire into the validity of the ordinances under attack, or into the authority of the town of Leesville to adopt such ordinances, for the reason that it is well settled in law and the jurisprudence of this, state that the courts, in' the exercise of their equity and
 
 *287
 
 civil jurisdiction, will not issue an injunction to restrain the authorities from arresting and prosecuting those who violate penal statutes, except in cases where property rights will be injuriously affected by such arrest and prosecution.
 

 In High on Injunctions the rule is- stated thus;
 

 “So equity will not interfere by injunction to restrain municipal officers from the prosecution of suits for the violation of city ordinances, such proceedings being of a quasi criminal nature, since equity will not interfere with the execution of the criminal law, whether pertaining to the state at large, or to municipalities, which are agents in the administration of the civil government.
 

 “If, however, the act concerning which an arrest or criminal prosecution is threatened affects civil property and its enjoyment, in protecting the property right, equity may properly enjoin the criminal prosecution. But in such case its interference is founded solely'upon the ground of injury to property and the necessity of preserving property rights; and where such rights are not clearly involved the relief will be denied.”
 

 In State ex rel. City of New Orleans v. Judge, 48 La. Ann. 1450, 21 So. 28, it was held that the courts of this state have no power to issue an injunction to prevent a municipal corporation from enforcing- by authorized judicial process its police ordinances, penal in their nature, enacted for the promotion of the public health and morals.
 

 In Boin v. Town of Jennings, 107 La. 412, 31 So. 866, it was held that the question of the legality and constitutionality of a municipal ordinance, in the nature of a police regu-' lation enforceable by fine and imprisonment, should be left to the court in, and to the occasion upon, which the attempt is made to enforce it; the remedy by appeal to this court being in such case open to the party as against whom the attempt is made. An injunction to restrain the enforcement of such an ordinance will not lie.
 

 In an earlier case, Levy & Co. v. Shreveport, 27 La. Ann. 620, it was held that the plaintiff could not test the authority of the mayor to enforce the ordinance prohibiting private markets, and the legality of such ordinances by an injunction.
 

 We unqualifiedly approved this doctrine in the recent case of Godfrey et al. v. Ray, Superintendent of Police (No. 30237) ante, p. 78, 124 So. 151, which is now final. See long list of authorities cited.
 

 The only exception to this well-established rule is where penal ordinances injuriously affect existing property rights. Where such is the case, the legality and constitutionality of the penal ordinances may be inquired into by a court of equity, and the execution of the ordinance enjoined. New Orleans Baseball & Amusement Co. v. City of New Orleans, 118 La. 228, 42 So. 784, 7 L. R, A. (N. S.) 1014, 118 Am. St. Rep. 366, 10 Ann. Cas. 757.
 

 The relator herein attempts to bring its case within the principle last mentioned by alleging that it owns property in the town of Leesville valued at $3,000, and that, if the ordinances of the town were enforced, the club would be forced to close its doors and would be deprived of a valuable property right.
 

 The fact that the relator owns property in the town of Leesville does not give it the right to violate the penal ordinances of said town. Nor does the operation of a poolroom give the club a vested property right, which would entitle the club to enjoin the enforcement of the ordinance against playing pool and dominoes. As a matter of fact, the club leases a room in which the members play at the prohibited games.
 

 
 *289
 
 In the Godfrey Case, supra, the plaintiffs were operators of jitneys for hire on the streets of this city, and although they were owners of the jitneys their right to operate such jitneys on the streets of the city was subject to the city ordinances, and carried with it no such property right as would entitle the operators of the jitneys to an injunction.
 

 So in this ease the lease of a clubroom by relator, in so far as it was made use of to violate the town ordinances, cannot be said to be such a property right as may be protected by the writ of injunction.
 

 The rule herein issued is recalled, and relator’s application is dismissed.