Mayor and Council of the City of Carrollton et als. v. Board of Metropolitan Police et als.

No. 1954—MAYOR AND COUNCIL OF THE CITY OF CARROLLTON et $\frac{21}{e113}\,\frac{447}{18}$ als. *v.* BOARD OF METROPOLITAN POLICE et als.

The act of the Legislature of March 17, 1859, incorporating the city of Carrollton authorizes suit to be brought by the Mayor and councilmen for and on behalf of the city.

The affidavit of the Mayor that the interest of the city is above five hundred dollars is sufficient to give the Supreme Court jurisdiction of the appeal.

Under the charter the city of Carrollton is dispensed from giving bond in case of appeal. Act approved seventeenth of March, 1859.

The act of the Legislature of September 14, 1868, creating a metropolitan police district repealed so much of the charter of the city of Carrollton approved March 17, 1859, as gave to the Mayor of said city the control and administration of the police.

The act of the Legislature of September 14, 1868, took away all control over the police of the city of Carrollton from the Mayor and vested the same in the Board of Metropolitan Police, and the Mayor and council in their representative capacity having no right in themselves to administer the police, they cannot question the constitutionality of the act of the Legislature vesting the power of policing the city in the Board of Metropolitan Police.

A party wishing to have the constitutionality of an act of the Legislature tested before the courts must disclose an interest in his individual or representative capacity that is affected by the statute of which he complains.

That part of the act of the Legislature of September 14, 1868, creating a metropolitan police district and providing for the government thereof, which divests the Mayor and Council of the city of Carrollton from all control over the police of said city and vests the same in the Board of Metropolitan Police created by the act, is constitutional and valid.

APPEAL from the Second District Court, parish of Jefferson. *Pardee*, J. *B. C. Elliot* and *N. Commandeur*, for plaintiffs and appellants. *J. Hawkins*, for defendants and appellees, *E. Filleul* on the same side.

WYLY, J. Appellees move to dismiss this appeal on the following grounds, viz:

*First*—Because the city of Carrollton is not a party to this suit. The plaintiffs being " one Mayor, six councilmen and five policemen of the city of Carrollton," who sue in their official capacity.

*Second*—Because the plaintiffs and appellants have given no appeal bond.

*Third*—Because the record does not show that the interest of each and all the appellants in the matter in dispute exceeds five hundred dollars.

The section of the act approved seventeenth March, 1859, entitled " an act to incorporate the city of Carrollton," provides : " That the affairs of said city of Carrollton shall be administered by a Mayor and eight councilmen, and *in and by the name of Mayor and Council of the city of Carrollton.* The said corporation shall be and is hereby made capable in law, to sue and be sued, plead and be impleaded, answer and be answered, defend and be defended in any court or courts of record or justice or other place whatever ; but in all judicial proceedings where, by existing laws, bond and security is required from litigants, the city of Carrollton shall be dispensed from furnishing bond or security." * * Act of 1859, 219, No. 277.

This suit is filed by the Mayor and six councilmen of the city of Carrollton in their official capacity. We consider the city of Carrollton the real party plaintiff in this suit. The act incorporating the city of Carrollton, a part of which we have just quoted, expressly declares that the city may sue and be sued in the *name of the Mayor and Council of the city of Carrollton.*

The majority of the councilmen have the right to sue in the name of the board. 3. M. 495.

The city of Carrollton is dispensed from giving bond.

The Mayor has filed his affidavit in this court stating that the interest of the city of Carrollton in the matter in dispute exceeds five hundred dollars. This is sufficient to give this court jurisdiction.

It is therefore ordered that the motion to dismiss be overruled.

---

## On the Merits.

The city of Carrollton has enjoined the Board of Metropolitan Police from discharging police duty within the limits of their corporation, alleging that said board without the color of right, justice or law has assumed the administration of the police of that city, preventing by threats and violence the policemen appointed by them from acting in their capacity. They also allege that the act organizing the metropolitan police district and providing for the government thereof is unconstitutional in various respects.

The defendant moved to dissolve the injunction on the following grounds :

*First*—That the injunction issued without any warrant or authority of law.

*Second*—That the corporation of Carrollton withdrew their police force then on duty under its charter, and allowed the force organized under the metropolitan police law to take charge of and police said city.

*That*—That the metropolitan police act authorized the defendant to control the police of Carrollton, and it repealed that part of its charter inconsistent therewith.

The court sustained the motion and dissolved the injunction.

Plaintiffs have appealed.

The right to administer their police was conferred on the plaintiffs by an act to incorporate the city of Carrollton approved seventeenth of March, 1859, the eighth section thereof providing : " that in addition to other duties therein laid down the Mayor of said city shall superintend the police thereof," etc.

The corporation only derived its authority from the Legislature ; it is the creature thereof and has no powers over the police except such

as the law confers. The act of fourteenth September, 1868, establishing a metropolitan district and providing for the government thereof, embraces the city of Carrollton within the police district and confers on the defendant full powers to administer the police throughout the district; it also repeals all laws in conflict with the provisions thereof, and took effect from and after its passage.

Then what right have plaintiffs to claim the jurisdiction or the control of the police of Carrollton ? All their powers over the subject matter have been withdrawn by the same authority which conferred them and which gave life to the corporation itself.

Having no powers themselves to supervise the police of their city what interest have they in testing the constitutionality of the provisions of the act which do not concern themselves.

They say the act complained of confers judicial powers on the Metropolitan Police Board in violation of seventy-third article of the constitution; that it violates the ninth article which protects the rights of the people to be secure in their property; that it inflicts strange and unusual penalties; that it confers power on said board to tax the people of Carrollton; that it provides for the holding of an office and the paying of a salary to a person who already holds the office of Lieutenant Governor, in violation of articles forty-one and one hundred and seventeen of the Constitution; that it violates article one hundred and fifteen by referring to various acts; that many of its provisions are contrary to and inconsistent with its title, in contravention of article one hundred and fourteen of the constitution, and that it violates the constitution of the United States.

Assuming that some of its provisions do conflict with the constitution, does the act violate any of the constitutional rights of the plaintiffs ? Does it impose a tax upon the corporation, infringe upon their rights of property or authorize the exercise of judicial powers by said board toward them ?

If the act subjects the people of Carrollton to unjust taxation and the strange and unusual punishment complained of, they have a remedy through the courts by which to avert the infringement of their constitutional rights.

In all these matters the corporation of Carrollton, in the opinion of the Court, is without interest; it is not affected by any of the provisions of the act, which they say violate the articles of the constitution of this State and of the United States.

The court cannot entertain abstract questions of law, presented by parties without interest and wholly unaffected by the illegalities and unconstitutionalities complained of. Whether the title of the act is sufficiently comprehensive to embrace all its provisions is immaterial; it is certainly broad enough to cover the provision making Carrollton a part of the police district, and also the provisions withdrawing

57

Mayor and Council of the City of Carrollton et als. v. Board of Metropolitan Police et als.

police powers from the corporation of Carrollton and conferring the same on the defendants, the Board of Metropolitan Police. The provisions, at least, of the act divesting the plaintiffs and investing the defendant with police powers, are not violative of, article one hundred and fourteen of the constitution; and that is the only interest plaintiffs can have in raising a constitutional objection.

In Diamond v. Cain, lately decided, where the same constitutional questions were presented, this court held that Diamond was without interest to injoin the Superintendent of the Metropolitan Police from the discharge of the functions of his office, and that if he had sufficient interest to inquire into the constitutionality of the provisions complained of, and even if they should be held to be unconstitutional, as alleged, that would not render the balance of the act unconstitutional.

We now undertake to pass upon the constitutionality of the act in question, only so far as the same is presented properly by the issues of this case. So far as that act affects plaintiffs or concerns their interests, we are decidedly of opinion that it is constitutional. We think it constitutionally divests the plaintiffs of all police powers and confers the same upon the Board of Metropolitan Police.

We think therefore that the plaintiffs were wholly without interest in the matters complained of; that they injoined the defendant without any warrant or authority of law, and that the District Judge did not err in maintaining the motion to dissolve.

It is therefore ordered that the judgment be affirmed with costs.