## No. 12,516.

### STATE OF LOUISIANA ET AL. VS. HENRY S. CROZIER.

In case, by the term of a criminal or a *quasi*-criminal statute, it is made the mandatory duty of the Attorney General to enjoin persons from violating its provisions, such injunction can not be suspended upon the defendant furnishing bond. That would be, in effect, granting to the defendant leave to continue its violation *pendente lite*.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*M. J. Cunningham*, Attorney General, for the State; *F. C. Zacharie* for the Commissioner of Agriculture, Plaintiffs, Appellants.

*Walter H. Saunders, Saunders & Miller*, for Defendants, Appellees.

Argued and submitted February 12, 1898.
Opinion handed down February 21, 1898.

### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

WATKINS, J. The grounds stated in appellees' motion are (1) that no appeal has been taken; (2) that even if an appeal has been taken, the order herein appealed from is not appealable.

As we consider this motion, on account of the exceptional character of the controversy, as really an answer to the appeal, we will consider same with the merits, as was done on the argument.

### ON THE MERITS.

Briefly stated this appeal is one taken by the State of Louisiana and the Commissioner of Agriculture as plaintiffs from an interlocu-

tory judgment of the District Judge permitting the defendants to sus-
pend their injunction on furnishing bond; and the test of the defend-
ants' right to bond, and of the plaintiffs' right to appeal from an
order allowing bond, is the character of the demand set up, or the
irreparable character of the injury they apprehend—necessitating
their injunction.

A fair synopsis of plaintiffs' petition for injunction is as follows:

That the injunction was grounded upon repeated alleged violations
by the defendant of the penal provisions of Act 72 of 1894, prohibit-
ing any person from manufacturing or selling commercial fertilizers
in this State, and from selling such fertilizers *for use* in this State—
" without complying with each and all the requirements thereof "—
and a demand for a money judgment for the various penalties of the
statute, aggregating the large sum of five hundred and eighty-eight
thousand three hundred and fifty dollars.

The following allegation of the plaintiffs' petition fully sets out
the gravamen of their complaint, viz.:

"Petitioners aver that Act No. 72 of 1894 is a criminal statute,
and enacted as a measure of public policy and public order, and
that under Sec. 6 of said act it is made the duty of the Attorney
General, when requested by the Commissioner of Agriculture, to
enjoin any person, firm or corporation, resident or non-resident, from
manufacturing or selling fertilizers in this State without complying
with all the requirements of this act," etc.

On motion of defendant's counsel, the judge *a quo* granted an
order allowing him to suspend the effect and operation of plaintiffs'
injunction, upon his given bond in the sum of one thousand dollars.

Alleging themselves greatly aggrieved by said interlocutory order,
and averring same to be contrary to law, in that it will enable the
defendant to continue to repeat his violation of a criminal statute,
they prayed for a suspensive appeal therefrom; and the court
granted them an appeal and dispensed them from furnishing bond.

The purposes and objects of Act 72 of 1894, as stated in its title,
are " to protect and advance agriculture by regulating the sale and
purity of commercial fertilizers, and the guarantee and conditions
upon which they are to be sold, and by fixing the penalties incurred
by violations of such conditions," etc.

The penalties affixed thereby against any one who shall trans-
gress the provisions thereof, are to be found in Sec. 6; and it also

makes it the duty of the Attorney General, upon the request of the Commissioner of Agriculture to " enjoin any person  *  *  *  from manufacturing or selling fertilizers in this State, or selling fertilizers *for use* in this State, without complying with each and all the requirements of this act, without bond or advanced costs." Sec. 6, Act 72 of 1894.

One of the penalties prescribed by this act is thus denounced in that section of the act:

"Any person who shall counterfeit or use a counterfeit of the tag prescribed by this act, knowing same to be counterfeit, or who shall use them a second time, shall be guilty of a misdemeanor and on conviction," etc.

For the present purpose it will be unnecessary for us to further analyze the act, as we think it perfectly plain and apparent that *this particular injunction in* the enforcement of the mandatory provisions of a criminal or *quasi*-criminal law can not be suspended on bond.

The question presented is somewhat *sui generis*, as it rests upon the special provisions of particular law; but it is very similar to the one which was presented and decided by our predecessors in City of New Orleans vs. Becker, 31 An. 644, as will appear by the following extract from the opinion, viz.:

" On the 14th of March the city filed a petition in the same court, alleging that Becker was keeping a coffee-house with theatrical performances; that he had been conducting this business since January, 1879, and would continue to do so unless enjoined; that he refused to pay the license tax fixed by the city ordinance, and that his conduct not only deprives the city of a certain revenue, but seriously interferes with the police of the city, and, if permitted, will be productive of insubordination and unlawful resistance to the laws and ordinances of the city.

" That for the payment of the license tax the city has a privilege and a lien on the personal property of the defendant, with the right to seize and sell the same; and the additional right to enjoin the defendant from carrying on the business until the license tax shall have been paid.

" The prayer is for an injunction restraining the defendant from continuing to carry on the business of keeping a coffee-house with theatrical performances until he shall have paid the license tax; and for a judgment for the amount of the tax.

State et al. vs. Crozier.

" The injunction was granted as prayed for; and on the next day Becker took a rule on the city to show cause why it should not be dissolved on his giving bond as provided by the Code of Practice, Art. 307.

" On hearing, the court refused to grant the injunction prayed for by Becker; and, also, refused to dissolve on bond the injunction granted to the city. Becker appealed from both these orders.

" We think the court did not err in refusing to grant the injunction as prayed for by Becker (stating the reasons of the court," and citing the paragraph of the statute authorizing the city to obtain an injunction against a delinquent license payer) ; and then follows this statement of the court, viz.:

" The right of the city is wholly incompatible with the right of the taxpayer to enjoin the city in the collection of the license tax, or from interfering with him in carrying on his business. His application for an injunction is the refusal to pay the license tax, and would authorize the city to demand the injunction to prevent the continuance of the business. The object of the law is to enable the city to compel the prompt payment of the license tax; and that object would be defeated if the taxpayer were allowed to take the initiative, by enjoining the city, or to have the injunction granted to the city dissolved on bond.

" In either case he might by the necessary delays in the District Court, and by appeal to this court, successfully resist the license tax for an entire year; and thus enjoy the privilege of carrying on his business in defiance of law, without complying with its requirements."

In our opinion that decision is quite applicable to the instant case, though it is a much stronger one for the appellees.

On this appeal the merits are not in any manner drawn in question, and hence we can not properly examine and now decide the question raised for the first time in briefs, whether the statute under consideration is or not constitutional.

With regard to the appellee's objection that the motion for appeal does not actually make the plaintiffs in the suit parties to the appeal, appears to our minds to be too strained and technical to require discussion.

In our opinion the interlocutory order from which this appeal is prosecuted was improvidently granted.

It is therefore ordered and decreed that the interlocutory order appealed from be annulled and reversed, and the plaintiff's injunction reinstated; and that the defendant and appellee be taxed with the costs of appeal.