No. 12,722.

CITY OF LAKE CHARLES ET ALS. VS. POLICE JURY OF CALCASIEU PARISH ET AL.

The police jury in the exercise of the power of taxation with which it is clothed under the Constitution and laws, met by the claim of a municipal corporation that part of the parish has been detached and added to the municipal corporation, is not suspended in the exercise of the power of taxation by such claim of the city, but may levy the parochial taxation and thus present for judicial determination the conflicting pretensions of the city. Constitution, Arts. 249, 250 *et seq.;* Act 1892, No. 105; 47 An. 589.

The prescription of personal actions can not be applied to deprive a political corporation of the function of taxation vested in it by the Constitution, and which the corporation can not surrender.

APPEAL from the Twelfth Judicial District Court for the Parish of Calcasieu.    *Read, J.*

---

J. D. *Cline,* City Attorney (*Paul A. Sompayrac* of Counsel), for Plaintiffs, Appellants.

---

A. P. *Mitchell,* District Attorney, E. L. *Wells* and *Williams & Sugar* for Defendants, Appellees.

Argued and submitted February 9, 1898.
Opinion handed down March 21, 1898.

The opinion of the court was delivered by

MILLER, J. The appeal is by the plaintiff from the judgment dismissing its suit to enjoin the defendants from collecting parish taxes within the territory claimed to have become part of the city of Lake Charles under appropriate proceedings for the annexation of such territory.

In 1884, proceedings were conducted under the Act No. 110 of 1880 for the extension of the limits of the city of Lake Charles so as to take in the territory within which the police jury now asserts the right to levy parish taxes. The annexation was deemed accomplished under the act of 1880. But this court reached the conclusion in 1895 that the act of 1882 conferred no warrant for the annexation of territory to the area of towns and cities. Police Jury vs. Shayot, 47 An. 589. Yet acting on the theory of the validity of the proceedings in 1884, the city of Lake Charles from and after that date seems to have levied taxes on the territory in controversy, extended streets through it, and exerted within the territory the functions of municipal government. In 1892, the Legislature enacted the statute to authorize the extension of the limits of cities and towns. Act No. 105, Session Acts, page 105. In 1894, proceedings were renewed by the City for the inclusion within its limits of the territory sought to be added in 1884, but it is charged by the police jury of the parish of Calcasieu, from which the territory is taken, that the proceedings under the act of 1892 are wholly void, because of non-observance of the requisites of the act. In this condition the police jury, in 1897, directed the assessment of parish taxes on all property in the area claimed to have been brought within the city limits by the annexation proceedings. Thereupon, the City instituted this suit to enjoin the police jury from causing to be assessed for taxation and from enforcing taxation on the property within that area.

The petition substantially charges that the parish authorities are seeking to collect taxes on property within the limits of Lake Charles, not subject to parochial taxation, and asks for an injunction against this alleged usurpation of authority by the police jury. Omitting exceptions unnecessary to be considered, the defence to

the suit is substantially, the invalidity of the proceedings by which the City claims the addition to its limits; hence it is insisted, the disputed territory, part of the parish of Calcasieu, is now as it has been at all times, subject to the taxing power of the police jury, and these defences prevailed in the lower court.

The argument for the City insists that the act of 1892, authorizing the extension of the limits of cities and towns, the presumption is in favor of the validity of the proceedings under that act, and that the power of the City to exert jurisdiction within the territory in controversy can not be collaterally attacked by the police jury as it seeks to do in this suit. The authorities cited in this connection have had our consideration. Under the facts of this case we have reached the conclusion, the taxpayer can contest by injunction the levy of taxes asserted or derived from proceedings to annex territory to cities and towns. To that decision we refer. ·Dees vs. City of Lake Charles, just decided.

We have in this case, as plaintiff, the police jury of Calcasieu, a portion of which is the territory claimed to have been added to Lake Charles. The police jury clothed by the Constitution and laws with the power of taxation, in the exercise of that power is met by the injunction of Lake Charles, and the assertion that part of the parish has been withdrawn from the jurisdiction of the jury, and added to the city by proceedings to which the jury was no party, and claimed to have been consummated under the act of 1892. Can we hold that the jury is excluded from the power of taxation with which it is vested, merely because of this claim on the part of the city, or at least that the police jury must first resort to a direct action to test the validity of the annexation proceedings on which the City relies, or that the jury must seek the aid of a suit by the Attorney General to determine that question before the jury can exert its functions. One phase to which the argument leads is that the citizen may be subjected to tax levies both by the City and by the jury. Of course, we do not not deal with that limited concurrent power of taxation that may be exerted both by city and parish within city limits, but with that taxation that must be exclusive in the city or parish. The same line of argument that undertakes to deny to the jury any right to question the power of the City to levy taxes equally applies to the citizen. He may be condemned to pay to the jury and when the conflicting right to tax is asserted

by the City he is not to be allowed to call its rights in question.  We put this consequence of maintaining the theory of the plaintiff's case merely as illustrative.  We have considered the subject carefully, and have given the reasoning in the Dees case on which we found the conclusion that under the act of 1892 the citizen can question the validity of the annexation proceedings.  We do not feel at liberty to apply a different rule to the police jury.  We can not hold when the jury in the exercise of its powers encounters the claim of a city or town that part of the parish has been detached for all purposes of parochial taxation and brought within the limits of the City, that the parish must desist, accept the pretensions of the City, or invoke the other method of procedure the argument supposes to be necessary.  At least, we hold no such procedure is necessary under the circumstances shown by the record of a municipal corporation claiming jurisdiction for years over the disputed territory with absolutely no law to sustain the claim, and when, as it seems to us, the attempt under the act of 1892 to accomplish the annexation treated the act as directing curative proceedings, though it had no such purpose. Instead of the preliminary petition required by the act, there is a petition signed by parties residing in the city as well as by those residing in the territory to be added, with no satisfactory proof that these last, *i. e.*, the number required, ever petitioned for the annexation, and instead of two elections separately held, there is, without the slightest warrant in the act, an election held of the electors of the city and of the electors of the territory sought to be annexed.  As we read the record there is no adequate proof of a majority vote for the annexation, cast by the electors of the territory to be added; nor of the expression of the voters in the city, if indeed the method of voting admitted of any such proof.  It seems to us that the contrast between the proceeding in 1884 and the requisites of the act of 1892 is too marked to admit the least sanction under that act to the attempt at annexation in 1894.  In our view the city has failed to sustain its demand.  The Act No. 110 of 1880 gave no authority for the asserted extension.  The act of 1892 was on the statute book when the proceedings for the extension were concluded at the latter period, but as already indicated there was no compliance with the act.

The city has pleaded the prescription of ten years, and the closely connected defence of estoppel is pleaded, both defences founded on

City et als. vs. Police Jury et al.

the administration of the city over the disputed territory. We can not apply prescription to deprive a political corporation of governmental functions incapable, in our view, of surrender. The textbooks and decisions of other States in which cases have arisen under statutes like ours recognize, under certain circumstances, an estoppel of any question by the individual of the existence of the municipal government under which he lives, and by which he has been benefited. We reach the conclusion in Dees vs. Lake Charles there is no basis in that case for the estoppel of the taxpayer, and in our examination we have given full weight to the authorities cited by the city. We can not find the basis to hold that the police jury is estopped, or could by any act or conduct preclude itself from exerting its functions of government, that is to say, from levying the taxes for the present and future, but we reserve and express no opinion as to the right of the jury to assert at this period the power of taxation of property in the disputed territory the jury has not exercised for some years.

We have given careful attention to this and that of Dees against the city. If we have not dealt specially with each phase of the argument and authorities cited on behalf of the city, none the less the case, in all its aspects, has had our full consideration, but we have deemed the decision controlled by the views expressed in this opinion. We are deeply sensible of the inconveniences that may result, but find no escape from remitting the city to appropriate proceedings for the annexation sought in 1884, without any law for it, and again attempting in 1894, without conforming to the requisites exacted by the act of 1892. Our decision will at least carry the compensating benefit of settling a question of embarrassment to the parties in the past, and apt to cause trouble in the future, unless adjusted in the mode open to the city of complying with the act of 1892.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.

WATKINS, J., in a written opinion *dissents*.