Statement of the Case.
BREAUX, C. J.
The town of Donaldson-ville was incorporated by Act No. 339, p. 212, of the General Assembly of the year 1900. To the town were delegated the powers usually delegated to a municipal corporation, and the first section of the act of incorporation provides that the police jury of the parish of Ascension shall not impose any taxes or licenses within the corporate limits of the town on condition that this corporation shall pay all criminal expenses incurred in the town, and its proportion to *17 ward the support of public schools and maintenance of the public buildings. These conditions, it seems, plaintiff has offered to comply with, but the parish authorities refuse to receive the sums thus offered, and positively refuse to recognize the validity or effect of the Act of the General Assembly in which the asserted exemption plaintiff insists was granted.
The police jury are collecting parish taxes on person and property within the limits of the town.
Plaintiff claims exemption from this tax under the clause of the charter regarding exemption to which we have referred above, which it contends the General Assembly had authority to enact.
Plaintiff strenuously urges that the police jury of the parish of Ascension is exceeding its jurisdiction and power in attempting to collect this tax. To prevent its collection it has obtained an injunction, which it asks to have decreed perpetual.
The defendant finds in plaintiff no right to bring this suit, and sets out that it has no cause of action.
Defendant also pleads res judicata, growing out of a judgment obtained by the parish of Ascension against a taxpayer whose property was within the limits of the town.
The judgment thus pleaded as res judicata was rendered by the district court in favor of the parish, and from it the taxpayer condemned to pay the parish taxes never took an appeal and the judgment has in consequence become final.
Defendant urged the objection of uneonstitutionality on various grounds, which we do not think we should consider and decide in this case as plaintiff has no authority, we take it, to stand in judgment.
Opinion.
We, in the first place, considered the exception before noted directed against plaintiff’s want of capacity to stand in judgment, it being the pivotal question raised by the pleadings.
Taking up the question of the city’s right to sue in the premises vel non (a question raised by the said exception), we will state that the town of Donaldsonville has those general powers to sue and be sued usually delegated to municipal corporations.
Here the objection does not go to the extent of questioning the town’s right to sue generally for the protection of municipal interest.
But the objection is directed against the assumption of a right by. a municipal corporation to defend the cause of taxpayers within its corporate limits. We think the objection is well taken. The town can sue in its own interest, but not in the interest of the taxpayer. Here the interest is that of the payer, and not of the town.
True, the town of Donaldsonville can protect its territory from encroachment by the parish. But there is no question of encroachment of territorial extension, as in City et al. v. Police Jury, 50 La. Ann. 347, 23 South. 376. With reference to the position that plaintiff has no right, let us assume for a moment that the United States government attempted to tax an owner of the property situated within the limits of the state; the owner would have the right to defend his cause. But neither the state nor the municipality would have any concern with the suit, or any interest to defend it.
If the town of Donaldsonville were to imagine, or if, in reality, it possessed some kind of right to tax an owner with property outside of the limits of the town, and situated in the parish, the owner would have the right to defend; not the police jury or the parish.
The question is not entirely res nova. In Carrollton et al. v. Board of Metropolitan Police et al., 21 La. Ann. 449, the court held that the city of Carrollton was without au *19 tliority to inquire into the question of taxation; that its own right had not been violated; it had no interest; that the people themselves, if their rights were violated, could urge the violation through the courts, and not the municipality.
The principle is the same in the case before us for decision. No one seriously denies that the town has only such powers as have been delegated to it, or such as are incidental to the delegated powers. Our attention has not been called to any part of the charter under which it can be held that the town can exercise the functions it now seeks to perform. It has no such power under its charter, either direct or incidental.
True, the town can sue in all things relating to the municipality; but that is all.
The disagreements that may arise between the taxpayer and the state through its tax collector, or between the taxpayer and the tax collector acting for a parish, are to be settled before the courts between the state and parish and the taxpayer, and not between the town, as one of the parties to the suit, and the parish or state, the other.
The right to defend against payment of a tax is a personal one, and is not to be assumed by the municipality.
If the purpose of the municipality were to assert jurisdiction over a territory on which the parish also claimed it as not being under town jurisdiction, different questions might arise. Here the town collects its taxes, and none of its rights are denied. If we were to maintain its authority to sue, the result would be the same whether the town gained or lost the suit. In either event she would remain with all the powers delegated under her charter. Not one would be in the least impaired. Then where does the town find an interest to institute the suit?
Its treasury would not be one cent better off. It follows that the corporation is in no way concerned.
The powers and capacities of municipal corporations never embrace suits of a personal character. It is personal because the town is not exempted from the payment of any tax. It is an exemption which includes only the taxpayer.
One of the residents of the place some time ago sought the court to claim this exemption. The district court decided against him, and he stopped. He did not prosecute his suit further. It is manifest that he had at least the right to stand in judgment, but the municipal corporation has no right to sue. (See the parish of Ascension case referred to in the statement of the facts.)
We have gone beyond the necessities of the case in our statement of the facts. A study of the issues led us to the conclusion that we should not go further than to pass upon the exception, and to decide that the municipal corporation is without the power to stand in judgment. Having decided this question adversely to the municipality, we do not think that we should go on, and decide questions which cannot well be considered as at issue.
We desire particularly to state before concluding that we express no opinion in regard to the other questions raised relating to the asserted exemption from payment of taxes. If ever they are brought before us, it will be time to decide those issues, when presented by parties with authority to-stand in judgment.
The judgment appealed from is affirmed.