(80 South. 260)

No. 23315.

CITY OF LAKE CHARLES v. LAKE CHARLES RY., LIGHT & WATERWORKS CO.

In re CITY OF LAKE CHARLES.

(Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⬅⟿204—SUPERVISORY JURISDICTION — DISSOLUTION ON BOND — DETERMINATION OF DISTRICT JUDGE—REVIEW.

The determination of the district judge whether the act prohibited by injunction is or is not such as may cause irreparable injury to plaintiff, so that the judge may not or may dissolve the injunction on bond, is subject to review by the appellate court; the only effective process to bring up the matter being by resort to the supervisory jurisdiction of the appellate court.

2. INJUNCTION ⬅⟿178 — DISSOLUTION ON BOND—"IRREPARABLE INJURY."

An "irreparable injury," within Code Prac. art. 307, providing that if the act prohibited by an injunction is not such as may cause irreparable injury to plaintiff, the judge, in his discretion, may dissolve the writ on bond, is one for which the party injured cannot be compensated adequately in damages, for which damages cannot be measured by pecuniary standards.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Irreparable Injury.]

3. INJUNCTION ⬅⟿178 — DISSOLUTION ON BOND—AMENDMENT.

Act No. 173 of 1902, exempting state, parish, and municipal boards or commissioners from furnishing bonds in judicial proceedings, does not amend Code Prac. art. 307, providing that if the act prohibited by an injunction is not such as may cause irreparable injury to plaintiff, the judge, in his discretion, may dissolve the writ on bond, to allow a defendant to dissolve on bond injunction against an act that might cause an irreparable injury to a state or municipal agency.

4. INJUNCTION ⬅⟿178 — DISSOLUTION ON BOND — INJUNCTION AGAINST RAISING STREET CAR FARES—IRREPARABLE INJURY.

Charge by street railroad company of 7-cent fare, while city ordinance purported to limit charge to 5 cents, prohibited by injunction against the street railroad at the city's suit, *held* an act "such as may work an irreparable injury to the plaintiff," within Code Prac. art. 307, providing that if the prohibited act is not such the judge in his discretion may dissolve injunction on bond.

5. INJUNCTION ⬅⟿110—JURISDICTION.

Under Const. art. 109, the district court had jurisdiction of suit by a city to enjoin a street railroad operating therein from charging a 7-cent fare; a fare of 5 cents being fixed by ordinance.

6. MUNICIPAL CORPORATIONS ⬅⟿1016 — ACTION—ENFORCEMENT OF ORDINANCES—INJUNCTION.

A municipal corporation may sue for enforcement by injunction of an ordinance limiting street car fares.

7. INJUNCTION ⬅⟿148(1) — SUIT BY MUNICIPALITY—BOND—STATUTE.

Under Act No. 173 of 1902, exempting state, parish, and municipal boards or commissioners exercising public powers or administering public functions from furnishing bonds in judicial proceedings, a city, without furnishing bond, could sue a street railroad to enjoin its charging a 7-cent fare in contravention of ordinance fixing fare at 5 cents.

Suit by the City of Lake Charles against the Lake Charles Railway, Light & Waterworks Company. After an order dissolving an injunction on bond, the City applies for mandamus to compel granting of a suspensive appeal. Peremptory mandamus directed to issue.

James A. Williams, City Atty., of Lake Charles, for applicant.

Pujo & Williamson, of Lake Charles, for respondent.

O'NIELL, J. This proceeding is to compel by mandamus the granting of a suspensive appeal from an order dissolving an injunction on bond.

The act prohibited by the injunction was the charging of a higher fare on street cars than the rate fixed by municipal ordinance. It is alleged in the petition and admitted in the answer to the rule that the defendant increased the fare and was charging each passenger 7 cents, notwithstanding the commission council of the city had adopted an ordinance fixing the fare at 5 cents. The contention of the defendant was and is that the municipality was without legislative authority to fix or limit the fare that might be charged by the defendant in the exercise of its franchise to operate its street railway in the city. Much of the defendant's brief is devoted to an argument of that question, which we think pertains only to the merits of the case now pending in the district court.

The only question to be decided in this proceeding is whether the act that was prohibited by the injunction might, if permitted to be done until a final judgment is rendered in the case, cause an irreparable injury.

According to article 307 of the Code of Practice, if the act prohibited by an injunction is not such as may cause an irreparable injury to the plaintiff, the judge may, in his discretion, dissolve the writ on a bond for such sum as the judge may deem sufficient to secure the payment of whatever damages the plaintiff may have sustained by the act if a definitive judgment be rendered against the defendant.

[1] The district judge, having concluded, when he dissolved the injunction on bond, that the act complained of was not such as might cause an irreparable injury to the plaintiff, was quite consistent in refusing to grant a suspensive appeal from his ruling; which would have kept the injunction in force as long as the suit would be pending, or very near that long. The precise language of article 307 of the Code of Practice, however, is well worth considering. It gives the judge discretionary power to dissolve an injunction, only when the act prohibited is not such as may cause an irreparable injury to the plaintiff. The meaning would be quite different if the language were that the judge may dissolve an injunction on bond if the act prohibited is such as may not cause an irreparable injury to the plaintiff. As it is, the language of the Code does not give the judge authority to dissolve an injunction on bond if the act prohibited by the injunction is such as may cause an irreparable injury to the plaintiff. Of course, the district judge must determine whether the act prohibited is or is not such as may cause an irreparable injury to the plaintiff. But his judgment in that respect is subject to review by the appellate court. And the only effective process for bringing up the matter for review is by a resort to the supervisory jurisdiction of the appellate court. That is because the slow process of appeal would avail a defendant nothing if the district judge should refuse to dissolve an injunction on bond when he ought to dissolve it; and it would be a stultification of his own judgment for the district judge to grant a suspensive appeal from his order dissolving on bond an injunction which he should not have dissolved on bond.

For the reason which we have just explained, it would be impracticable and would serve no purpose to decide now whether the district judge should grant the suspensive appeal, without deciding whether he should have dissolved the injunction on bond. In fact, the only question that would be presented for decision on appeal, if the district court had granted the appeal, is before us now; that is, whether the act prohibited by the injunction is such as may cause an irreparable injury to the plaintiff.

[2] The learned counsel for defendant give a definition of irreparable injury, which we

adopt, viz.: An irreparable injury is one for which the party injured cannot be compensated adequately in damages, or for which the damages cannot be measured by a pecuniary standard.

A bond of $25,000 was required by the court and furnished by the defendant for dissolving the injunction. The plaintiff does not complain of the amount of the bond. The complaint is that there is no practicable means of compensating the citizens (represented by the municipality in this suit) for the injury which they may suffer from being charged excessive car fare; and that the injury that may result from the defendant's defying a municipal law or ordinance is one for which, to use the defendant's definition, the municipality cannot be compensated adequately in damages; such injury being not measurable by a pecuniary standard.

In his answer to the rule issued herein, the district judge calls attention to the following pertinent facts: The municipality did not fix or limit the fare to be charged, in the ordinance granting the railway franchise held by the defendant. Some years later, however, that is, on the 28th of August, 1918, the city adopted an ordinance fixing the rate of car fare at 5 cents per single passage, without transfers, etc. No penalty was provided for a violation of the ordinance. The authority claimed for enacting the ordinance is a section of the city's charter authorizing the municipal government "to fix the rate of carriage of persons * * * within the limits of the municipality." The defendant, the only street railway company in the city, raised the car fare from 5 to 7 cents after the rate-fixing ordinance was enacted.

The respondent judge, in his answer to the rule, expresses the opinion that the ordinance is prima facie valid, though subject to attack in answer to this suit. His honor gives his opinion, too, that the raising of the rate by the defendant was, prima facie, a viola-tion of the company's franchise obligation and an abuse of the franchise. For that reason the court granted the writ of injunction pendente lite. The writ was issued without bond, under authority of Act No. 173 of 1902, exempting state, parish, and municipal boards or commissions, exercising public powers or administering public functions, from furnishing bonds in judicial proceedings.

The judge says that he thought the injunction would cause serious loss and injury to the defendant if it should be decided finally that the rate-fixing ordinance was unauthorized or invalid, and that, without an injunction bond, the defendant would not be protected adequately against loss or injury. The judge says that he was of the opinion that the discretionary power to dissolve an injunction on bond, given in article 307 of the Code of Practice, was increased by Act No. 173 of 1902, in a case where the writ should issue without bond; and that the article of the Code should not be applied strictly in cases coming under the provisions of the statute of 1902.

[3] The statute exempting state, parish, and municipal agencies from giving bonds in judicial proceedings does not purport to amend article 307 of the Code of Practice, and our opinion is that it was not intended to modify the article of the Code. To give the statute the effect of amending or modifying article 307 of the Code of Practice, so as to allow a defendant to dissolve on bond an injunction against an act that might cause an irreparable injury to a state or municipal agency, would take away the advantage which the Legislature has given to state and municipal agencies in such cases. Our conclusion, therefore, is that the article of the Code has not been amended or modified by the statute of 1902.

[4] We are also of the opinion that the act prohibited by the injunction in this case is, within the meaning of article 307 of the

Code of Practice, "such as may work an irreparable injury to the plaintiff." To dissolve the injunction is, in effect, to authorize the defendant to go on violating the municipal ordinance while the municipality is attempting to enforce it by injunction. It cannot be argued with reason that an act done in defiance or violation of a municipal ordinance is not an act that may cause an irreparable injury to the municipal government. That, in substance, was the reason for the ruling in City of New Orleans v. Becker, 31 La. Ann. 644, that an injunction prohibiting the carrying on of a business without the license required by a municipal ordinance should not be dissolved on bond. In State v. Crozier, 50 La. Ann. 247, 23 South. 288, it was decided that an injunction, prohibiting the defendant from selling fertilizers without complying with the requirements of a statute on the subject, should not have been dissolved on bond; because, said the court, "that would be, in effect, granting to the defendant leave to continue its violation, pendente lite."

The indemnity bond given by the defendant in this case would afford little or no protection or compensation to the public, represented by the municipality in this suit, if it should be decided finally that the ordinance in question is valid, and that the public has been imposed upon by its violation.

[5] The defendant, in answer to the rule issued herein, contends that the district court has not jurisdiction ratione materiæ, and that the plaintiff has no right or cause of action to enforce the ordinance by injunction, especially without giving bond.

The plea to the jurisdiction of the court is founded upon the fact that the plaintiff did not sue for a sum of money, nor for a revocation of the railway franchise. Our answer is that, by the terms of article 109 of the Constitution, the district courts have jurisdiction of "all other cases where no specific amount is in contest, except as other-

wise provided in this Constitution"; and it does not appear to be otherwise provided for a suit of this character.

[6] The exception of no cause or right of action is based mainly upon the contention that the municipal government has no real interest in enforcing its ordinance by injunction, and has no authority to protect the citizens or public in that way. In support of the argument, the learned counsel refer us to the decision in City of Carrollton v. Board of Metropolitan Police, 21 La. Ann. 447, and in Town of Donaldsonville v. Police Jury of Ascension Parish, 113 La. 16, 36 South. 873. The decision in City of Carrollton v. Board of Metropolitan Police was expressly overruled in the case of City of Gretna v. Bailey, Secretary of State, 141 La. 625, 75 South. 491, where it was said, too, that the decision in the Donaldsonville Case had no application to the question before the court—a question very similar to that raised by the defendant in this suit. A municipal corporation has authority to sue for an enforcement of its ordinances by injunction. McQuillin on Municipal Corporations, §§ 806 and 1767. We are not referred to any judicial expression to the contrary, except in the decision which has been overruled.

[7] In support of the contention that a city is not exempt from giving bond for an injunction, under Act No. 173 of 1902, the learned counsel for defendant say it would be strange if a city could litigate without furnishing bond while the parishes of the state are compelled to furnish bonds in judicial proceedings. We ruled twice lately that parishes, or police juries, are exempt from furnishing bonds in judicial proceedings, by Act No. 173 of 1902. See Hayne v. Assessor, 143 La. 697, 79 South. 280, and Police Jury of La Salle Parish v. Police Jury of Catahoula Parish, 145 La. ——, 82 South. ——.

It is ordered that a peremptory mandamus issue, directing the district judge to grant

the relators a suspensive appeal or maintain the injunction in force until a final judgment is rendered in this case. The defendant is to pay the costs in this mandamus proceeding.