(86 South. 659)

No. 24172.

NEW ORLEANS LIVE STOCK EXCHANGE v. CRESCENT CITY STOCK YARDS & SLAUGHTER HOUSE CO., Ltd.

In re CRESCENT CITY STOCK YARDS & SLAUGHTER HOUSE CO., Ltd.

(Nov. 3, 1920. Rehearing Denied Dec. 4, 1920.)

*(Syllabus by Editorial Staff.)*

1. Injunction ⬉178 — Judge without discretion to dissolve on bond, if prohibited act may work irreparable injury.

Under Code Prac. art. 307, if the act prohibited by injunction is such as may work irreparable injury to plaintiff, the judge of the district court has no discretion in the matter of dissolving the injunction on defendant's giving bond; and even though the act prohibited is not such as may cause irreparable injury the judge is not obliged to dissolve the writ on bond, but may do so in the exercise of his discretion.

2. Courts ⬉204 — Injunction ⬉178 — Determination of district judge whether prohibited act is not such as may cause irreparable injury to plaintiff reviewable.

On defendant's giving bond to dissolve injunction, the district court must determine whether the act prohibited is not such as may cause irreparable injury to plaintiff within Code Prac. art. 307, and his judgment in such respect is subject to review by the appellate court in the exercise of its supervisory jurisdiction.

3. Mandamus ⬉37—Appellate court warranted in commanding district judge to dissolve on bond only in extreme case.

In view of the language of Code Prac. art. 307, it would be only in an exceptional or extreme case that the appellate court would be warranted in the exercise of its supervisory jurisdiction in commanding a district judge to dissolve an injunction on bond, the case would have to be one in which the district judge abused his discretion; that is, a case where the act prohibited was such as could not reasonably be said to threaten irreparable injury to plaintiff.

4. Injunction ⬉178—Act of stockyards in refusing use of pens held such as might cause irreparable injury, so that denial of dissolution on bond was proper.

Act of defendant stockyards and slaughterhouse company in preventing plaintiff live stock exchange from feeding and caring for stock in the cattle pens of defendant company as usual for more than 40 years, plaintiff company's suit being to annul a written contract between the parties, providing that at the expiration of three years the feeding privilege claimed by plaintiff company should revert to defendant company, *held* such as might cause irreparable injury to plaintiff, so that under Code Prac. art. 307, the district judge properly denied dissolution of injunction against defendant company on its giving bond.

Suit by the New Orleans Live Stock Exchange against the Crescent City Stock Yards & Slaughter House Company, Limited, wherein plaintiff secured injunction, and defendant applies for writ of mandamus to compel the district judge to dissolve the writ on defendant's furnishing bond. Relief prayed for denied.

Olivier S. Livaudais, Legier & Gleason and Merrick & Schwarz, all of New Orleans, for applicants.

Dart, Kernan & Dart, of New Orleans, for respondents.

O'NIELL, J. The defendant in this case asks for a writ of mandamus, to compel the district judge to dissolve a writ of injunction, on defendant's furnishing bond, as provided in article 307 of the Code of Practice.

The district judge overruled defendant's motion to dissolve the injunction on bond, because the judge was of the opinion that the act prohibited by the injunction was such as might, and in all probability would, cause irreparable injury to the plaintiff.

The brief filed by defendant, relator, is devoted mainly to an argument in support of an exception of no cause of action, which was filed in the district court and overruled. The exception of no cause of action was filed three

weeks before the motion to dissolve the injunction on bond. The exception was not urged as a ground for demanding that the writ of injunction should be dissolved peremptorily, or without bond. It was alleged or suggested in the motion to dissolve the injunction on bond that the plaintiff's petition did not disclose a cause of action, and that therefore the writ of injunction was issued improvidently. But that allegation was made only in support of the defendant's contention that a dissolution of the writ of injunction would not cause irreparable injury to the plaintiff, and that the injunction should therefore be dissolved, upon defendant's furnishing adequate bond to protect the plaintiff against loss or damages if a definitive judgment should be rendered against defendant. There was no motion or prayer for a dissolution of the injunction, except upon defendant's furnishing bond, as provided in article 307 of the Code of Practice. The minutes of the district court show that the exception of no cause of action and the motion to dissolve the writ of injunction on bond were argued and submitted separately, and were disposed of separately. The only ruling complained of in the petition to this court for writs of certiorari and mandamus is the ruling on the motion to dissolve the injunction on bond. The prayer of the petition for mandamus is merely that the district judge be commanded to dissolve the injunction on bond for a sum to be fixed by this court.

The record also discloses that the defendant, relator, filed an answer to plaintiff's petition, after the exception of no cause of action was overruled. Whether the judgment overruling the exception of no cause of action should be affirmed or reversed is a question which may be presented on appeal from the final judgment of the district court, but it is not an issue in the proceeding now before us.

The only question is whether, using the precise language of article 307 of the Code of Practice, "the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff."

The object of plaintiff's suit is to annul a written contract between plaintiff and defendant, dated April 20, 1917, providing that, at the expiration of three years "the feeding privilege" claimed by the plaintiff corporation and its stockholders should "revert to the Crescent City Stock Yards & Slaughter House Company, its successors or assigns." The cause alleged for demanding an annulment of the contract is that the defendant corporation and its officers neglected to fulfill certain obligations on their part, which are alleged to have been the consideration for which plaintiff agreed to a termination of the stock-feeding privilege after three years. It is alleged in plaintiff's petition that the privilege of feeding and caring for live stock in the cattle pens of the defendant company had been enjoyed continuously by the plaintiff, and by the commission merchants who are members of the plaintiff company, for a period exceeding 40 years preceding the 20th of April, 1917; and that the defendant company had recognized the alleged feeding privilege. The act prohibited by the injunction is the interference, by the defendant company or its officers, with the feeding of live stock by the commission merchants who are the members of the plaintiff corporation, during the pendency of this suit.

It is not, in terms, alleged, in the defendant's motion to dissolve the writ of injunction on bond, that the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff. The allegation or suggestion is merely "that the continuance of the injunction in force and effect causes irreparable injury to the Crescent City Stock Yards & Slaughter House Company."

[1-3] Taking the language of the Code literally, the question to be determined is not

whether a continuance of the injunction in force and effect may work irreparable injury to the defendant, Crescent City Stock Yards & Slaughter House Company. The question is whether the act prohibited by the injunction is not such as may work irreparable injury to the plaintiff. If the act prohibited is such as may work irreparable injury to the plaintiff, the judge has no discretion in the matter of dissolving the injunction on bond; and, even though the act prohibited be not such as may cause irreparable injury to the plaintiff, the judge is not obliged to dissolve the writ on bond, but may do so, in the exercise of his discretion. Of course, as we said in City of Lake Charles v. Lake Charles Ry. L. & W. Co., 144 La. 217, 80 South. 260, the district judge must determine whether the act prohibited is not such as may cause an irreparable injury to the plaintiff; and his judgment in that respect is subject to review by the appellate court, by the exercise of its supervisory jurisdiction. But, considering the precise language of article 307 of the Code of Practice, it would be only in an exceptional or extreme case that an appellate court would be warranted, in the exercise of its supervisory jurisdiction, in commanding a district judge to dissolve an injunction on bond. The case would have to be one in which the district judge abused the discretion which is vested in him to dissolve an injunction on bond when the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, e. g. a case where the act prohibited by the injunction is such as could not reasonably be said to threaten irreparable injury to the plaintiff.

[4] Our conclusion, from an examination of the record, is that the district judge was correct in his ruling that the act prohibited by the injunction in this case is such as may cause an irreparable injury to the plaintiff.

The relief prayed for by the relator is denied at its cost.