(95 South. 420)

No. 25731.

**DAVID BERNHARDT PAINT CO., Limited, v. RUD D. BERNHARDT CO., Inc.**

**In re DAVID BERNHARDT PAINT CO., Limited.**

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬳87(4) — Remedy for abuse of discretion in dissolving injunction on bond not by appeal.**

While an abuse of discretion in dissolving a preliminary injunction on bond under Code Prac. art. 307, might be corrected by resort to the supervisory powers of the Supreme Court, the remedy is not by appeal from the order dissolving the injunction, as such appeal cannot be allowed unless the order would cause irreparable injury, and to allow the appeal would prejudge the only question thereby presented.

2. **Injunction ⬳163(3)—Dissolution on bond not abuse of discretion, when maintenance might cause more harm than dissolution.**

The trial judge did not abuse his discretion in dissolving a preliminary injunction on bond, where more harm might have resulted from maintaining the injunction than from dissolving it.

Suit by the David Bernhardt Paint Company, Limited, against the Rud D. Bernhardt Company, Incorporated. A suspensive appeal from an order dissolving a preliminary injunction on bond was denied, and plaintiff applies for writs of certiorari and mandamus. Relief denied, and proceeding dismissed.

Prowell & McBride, of New Orleans, for relator.

M. H. Manion and H. W. Kaiser, both of New Orleans, for respondents.

O'NIELL, C. J. This is a proceeding by mandamus to compel the judge of the civil district court to grant a suspensive appeal from an order dissolving a preliminary injunction on bond. The suit was brought against the Rud D. Bernhardt Company, Inc., and against the incorporators, who appear to be members of the Bernhardt family. Plaintiff claims to have acquired a monopoly of the trade-name, David Bernhardt Paint Company, Limited, and avers that it is an imposition on the part of defendants to use such a similar name as "Rud D. Bernhardt Co., Inc." The preliminary injunction prevented the defendants' using the name. They applied for a dissolution of the injunction on bond, and, after hearing the plaintiffs, in a rule to show cause why the injunction should not be dissolved on bond, the judge dissolved it on a bond of $2,000. There is no complaint about the amount of the bond. The complaint is—and it is the only complaint that could be successfully made—that the act prohibited by the injunction was such as would cause an irreparable injury to the plaintiff. Article 307 of the Code of Practice provides:

"Whenever the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, the court may in their discretion dissolve the same; provided the defendant execute his obligation in favor of the plaintiff, * * * for such sum as the court may determine," etc.

[1, 2] By the terms of the Code, therefore, the question whether a preliminary injunction should be dissolved on bond is peculiarly within the discretion of the district judge. An abuse of his discretion, of course, might be corrected by a resort to the supervisory powers of the appellate court. The remedy in such case, however, should not be an appeal from the order dissolving the injunction on bond. City of Lake Charles v. Lake Charles Railway, Light & Waterworks Co., 144 La. 217, 80 South. 260. An appeal cannot be allowed from any interlocutory order that would not cause irreparable injury. To say that an order dissolving an injunction on bond would cause irreparable injury would be the same as to say that the act prohibited

by the injunction would cause irreparable injury. Therefore a judge who would grant an appeal from his order dissolving an injunction on bond would simply stultify himself. For an appellate court to order an appeal to be granted from an order dissolving an injunction on bond would be a prejudgment and decision of the only question to be presented on the appeal. To order that the appeal be granted would be to say that the order dissolving the injunction would cause an irreparable injury, which would be the same as to say that the act prohibited by the injunction would cause an irreparable injury, and that therefore the injunction should not have been dissolved on bond. If we thought that the district judge erred in this case, therefore, we would better reverse his ruling and reinstate the injunction than to order him to grant an appeal. Our opinion is that the judge did not abuse his discretion. It appears to us that more harm might have resulted from maintaining the injunction in force than from dissolving it on bond.

The relief prayed for is denied, and this proceeding is dismissed, at relator's cost.