(101 So. 797)

No. 26722.

**ALEXANDRIA STEAM LAUNDRY, Inc., v. FITZUMN et al.**

**In re ALEXANDRIA STEAM LAUNDRY, Inc.**

(Nov. 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⚖⇒224(10)—**Demand for attorney's fees of $100 held below appellate jurisdiction of Supreme Court.**

In suit for an injunction, demand for attorney's fees of $100 was below appellate jurisdiction of Supreme Court.

2. **Appeal and error** ⚖⇒458(2)—**Abuse of discretion in dissolving preliminary injunction not correctable by suspensive appeal.**

Abuse of discretion in dissolving preliminary injunction on face of papers without bond, was not correctable by suspensive appeal from order dissolving injunction, in view of Act No. 29 of 1924, § 5, such appeal not being allowable unless order would cause irreparable injury, and to allow appeal would prejudge only question thereby presented.

Action by the Alexandria Steam Laundry, Incorporated, against Rudolph E. Fitzumn and another. Preliminary injunctions were dissolved and plaintiff applies for writs of mandamus, prohibition, and certiorari. Application denied.

Hawthorn & Stafford, of Alexandria, for applicant.

T. A. Carter, Broussard & Coco, and White, Holloman & White, all of Alexandria, and Albert Cox, of Marksville, for respondent Judge.

By the WHOLE COURT.

LAND, J. Relator obtained preliminary injunctions against the Rex Laundry & Dry Cleaning Company, Inc., and Fitzumn, restraining the latter from violating a contract of employment with relator as a solicitor and driver, and prohibiting respondent company from employing Fitzumn in said capacity.

Both injunctions were dissolved upon the face of the papers, and damages in the sum of $100 as attorneys' fees were awarded each respondent, as prayed for in motions to dissolve.

Relator applied for a suspensive appeal from said judgment, the application was refused, and relator has invoked our supervisory jurisdiction to compel the trial judge by writ of mandamus to grant said appeal, and to restrain further proceedings in execution of said judgment.

[1] Relator does not sue for damages for the alleged breach of the contract in question, but seeks, as its sole remedy, relief by injunction. The demand for attorney's fees is below our appellate jurisdiction.

[2] An abuse of discretion in dissolving a

preliminary injunction on bond under article 307 of the Code of Practice cannot be corrected by a suspensive appeal from the order dissolving the injunction, as such appeal cannot be allowed unless the order would cause irreparable injury, and to allow the appeal would prejudge the only question thereby presented.

City of Lake Charles v. Lake Charles Railway, Light & Waterworks Co., 144 La. 217, 80 So. 260; David Bernhardt Paint Co., Ltd., v. Rud D. Bernhardt Co., Inc., 153 La. 113, 95 So. 420. In the latter case we said:

"An appeal cannot be allowed from any interlocutory order that would not cause irreparable injury. To say that an order dissolving an injunction on bond would cause irreparable injury would be the same as to say that the act prohibited by the injunction would cause irreparable injury. Therefore a judge who would grant an appeal from his order dissolving an injunction on bond would simply stultify himself." Pages 114, 115, 95 So. 421.

The same rule applies to the present case, where the preliminary injunction was dissolved on the face of the papers without bond, as on appeal we would necessarily be compelled to prejudge the question whether irreparable injury would result from the prohibited act.

The former decisions of this court to the contrary have been legislated out of existence.

The legislative branch of the government, concurring in the more recent decisions of the Supreme Court, denying the right of suspensive appeal from orders dissolving preliminary injunctions, has expressly provided in section 5 of Act 29 of 1924, that:

"Where upon a hearing, a preliminary writ of injunction shall have been * * * dissolved by an interlocutory order or decree, * * * a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree," etc.

The application of relator is, therefore, denied and this proceeding dismissed at relator's cost.