LAND, J.
 

 Plaintiff, as lessee of a store building on St. Charles street, in the city of New Orleans, and in possession of the ground floor of said building as a shoestore, obtained a judgment in the civil district court against Mannos, its tenant, and Vredenberg, its subtenant, in possession of the upper floors of said building, ejecting each of them from the leased premises, for alleged violations of the conditions of the sublease by Vredenberg, and restoring to plaintiff the possession of the premises.
 

 Vredenberg, the subtenant, alone appealed from said judgment to this court.
 

 During the pendency of the appeal, plaintiff secured a preliminary injunction from the civil district court, based on allegations of continued violations of the conditions of the lease by Vredenberg, the subtenant, who, after being denied the right to bond said injunction, has invoked the supervisory jurisdiction of this court to compel the Honorable E. K. Skinner, judge of division C of the civil district court, issuing said injunction, to grant an order permitting the dissolution of said injunction on bond, upon the grounds that the evidence adduced upon the trial of the rule nisi is not sufficient to justify the issuance of the writ, and that the injury to plaintiff is not irreparable.
 

 Respondent judge states in his return that the relator, Vredenberg, was enjoined from conducting a dance hall or making sales of foodstuff on the second and third floors of the leased premises; it being alleged in the petition for a preliminary injunction that such action upon his part, as a subtenant of petitioner, is in direct violation of the terms of the lease made by petition to its tenant, Nick Mannos, and also of the terms of the sublease made by Mannos to relator, Vredenberg, with the consent of petitioner.
 

 Respondent judge declares that his action in issuing the preliminary injunction in this ease is based upon the sworn allegations of the petition, the testimony adduced at the hearing of the rule nisi, and upon the record in the ejectment suit, which had,been offered in evidence by counsel for relator. The latter record is not annexed to the present application for writs of mandamus.
 

 The petition for the preliminary injunction alleges increased fire hazard from the business conducted upon the leased premises by the subtenant, Vredenberg, irreparable injury that may result to plaintiff’s business, should a fire occur and destroy the building, irreparable injury to plaintiff’s business occasioned by the loss of patronage, because of the noise and commotion created by the jazz band of the dance hall, and by the congregating of crowds attending, the dance hall in front of plaintiff’s place of business, as well as the danger of the cancellation of the lease by the lessor, because of the prohibited business conducted by the sub
 
 *515
 
 tenant in the building,' as said lease permits plaintiff to sublet said building only to a reputable mercantile establishment.
 

 The chief rate clerk of the Louisana fire prevention bureau testified on the trial of the rule nisi to an increased fire risk in 1924, on account of the presence of a restaurant in said building, upon the premises of the subtenant.
 

 The argument of counsel for relator that the effect of a restaurant in the building would be only an increase of rate of insurance, a matter compensable in damages, and would not increase the danger to the safety of the building, is, in our opinion, not tenable.
 

 The testimony on the trial of the rule nisi shows that plaintiff’s business is located in a high-class retail district in the city of Now Orleans, and that the annual revenues of said business range from $125,000 to $150,-
 

 000.Neither the loss of said business through the destruction of the leased premises by fire, nor the loss of patronage occasioned by the operation of a dance hall in" the building by the subtenant, is a matter that can possibly be determined in dollars and cents, and therefore may well be an irreparable injury to plaintiff.
 

 Respondent judge has exercised the discretion vested in him by law in refusing to bond the injunction in this case, and we are not prepared to say that he has abused such discretion. He has acted to his best judgment in the matter, and we do not find ourselves able to say that this is a case where the acts prohibited by the injunction are such as could not reasonably be said to threaten irreparable injury to the plaintiff.
 

 New Orleans Live Stock Exchange v. Crescent City Stockyards
 
 &
 
 Slaughter House Co., Ltd., 148 La. 77, 86 So. 659; City of Lake Charles v. Lake Charles Ry. Light & W. Co., 144 La. 217, 80 So. 260.
 

 The suspensive appeal taken by Vredenberg, the subtenant, from the judgment of ejectment, leaves plaintiff no other remedy but an injunction to protect its rights under the lease, and to seek thereby the avoidance, during the pendency of the appeal, of injury to its business, apparently of an irreparable character.
 

 2. Relator filed an exception of lis pendens to the present injunction suit, on the ground that the issues involved are the same as in the former ejectment proceedings. This contention is not well founded, as the main issue here presented is the irreparable character vel non of the injury which may result to plaintiff from the continued breach of the conditions of the lease by the subtenant, an issue wholly irrelevant in the ejectment proceedings.
 

 It is therefore ordered that the rule nisi issued herein be now recalled, that the order heretofore granted by this court, staying all proceedings against relator in suit No. 156522, entitled W. L. Douglas Shoe Co. v. Harry Vredenberg, of the docket of the civil district court of the parish of Orleans, division C, be now revoked and set aside, and that relator’s application be refused and dismissed, at his costs.