REGAN, Judge.
Plaintiff, Baton Rouge Fireworks Company, Inc., instituted this injunction proceeding against the defendants, the Police Jury and Sheriff of St. Charles Parish, endeavoring to restrain the enforcement of a parish ordinance prohibiting the sale of fireworks. Plaintiff asserts its enforcement has caused him irreparable injury and that the ordinance is in conflict with a state law which permits the sale of certain classes of pyrotechnics.
Defendants pleaded the exceptions of no right or cause of action,[1] which were maintained.
From a judgment dismissing plaintiff’s suit, it has prosecuted this appeal.
The ordinance assailed by plaintiff as illegal was adopted by the Police Jury of St. Charles Parish on September 13, 1955; it prohibited the sale of fireworks within the parish and imposed a penalty of a $100 fine and/or a 30-day jail sentence upon any violator thereof.
At the regular 1958 Louisiana legislative session, Act 63 was adopted for the purpose of regulating the sale and possession of pyrotechnics throughout the state. It provided in part that certain types of fireworks “ * * * may be sold at retail from June 25 through July 5 and De *56 cember IS through January 1 of each year s}c ‡ * »
On December 17, 1958, L. L. Stone-braker, plaintiff’s representative, was arrested at his place of business in St. Charles Parish and charged with violating the above described parish ordinance. At the time this injunction suit was instituted, plaintiff had not been brought to trial in criminal court on the misdemeanor.
The trial judge dismissed plaintiff’s suit upon concluding that the court was without jurisdiction to entertain a proceeding in equity that would interfere with enforcement of a penal law.
Plaintiff insists he is entitled to injunc-tive relief, since the parish ordinance is in direct conflict with a state law which grants him the right to sell certain types of fireworks. He argues that the continued enforcement of the parish ordinance causes him irreparable injury.
The ordinance assailed is a regulatory measure, enforceable by a criminal penalty, and it is a well-settled principle of law that courts of equity, having jurisdiction over civil matters only, are powerless to issue a writ of injunction to stay enforcement of criminal laws. To circumvent this general rule and thereby invoke the powers of equity of a civil tribunal in such instances, the plaintiff must establish the following three circumstances: (1) the invasion of a property right, (2) the unconstitutionality of the ordinance attacked on its face and (3) the impossibility of adequately remedying the irreparable injury suffered by the accused in the court having jurisdiction over the prosecution. If any of these elements are lacking, the civil court is without jurisdiction.[2]
In written reasons for judgment, the trial court explained that plaintiff failed to establish any of the conditions which would confer jurisdiction upon a civil court.
However, since all three of the conditions hereinabove referred to must concur, we think it is unnecessary to consider either the alleged unconstitutionality of the ordinance or the invasion of a property right.
Plaintiff obviously has failed to-show the impossibility of remedying the alleged irreparable injury in the criminal tribunal where the misdemeanor will be prosecuted. Should it successfully assail the constitutionality of the ordinance in a criminal court, the injury plaintiff terms, “irreparable” will be remedied.
Irrespective of the constitutionality or the unconstitutionality of the ordinance, we cannot conclude that plaintiff is threatened' with irreparable injury without possessing, an adequate remedy therefor. The district court in St. Charles Parish is vested' with jurisdiction of the prosecution and an adequate remedy is afforded plaintiff' within the legal framework of that tribunal. We cannot assume that the official charged with the duty of bringing plaintiff to trial will fail in the performance thereof. In innumerable cases involving analogous facts,[3] the supreme court of this state has pronounced, in refusing to enjoin the enforcement of penal ordinances and criminal statutes, that the respective litigants had both an ample and immediate remedy provided by law without need of invoking the equity jurisdic *57 tion of any tribunal. In several of these cases, the organ for the Supreme Court ■especially emphasized that the litigant possessed an opportunity to both raise and have adjudicated all pertinent issues in the court in which the enforcement was sought, and in addition thereto, he also possessed the right of a direct appeal to the supreme court from an adverse decision involving these issues.[4]
For the reasons assigned, the judgment •appealed from is affirmed.
Affirmed.

. More properly, this should have been an exception to the jurisdiction ratione materiae.

. Olan Mills, Inc., of Tennessee v. City of Bogalusa, 225 La. 648, 73 So.2d 791, 793, wherein the court thoroughly reviews the jurisprudence on the issue before us.

. Devron v. First Municipality, 4 La.Ann. 11; Levy & Company v. City of Shreveport, 27 La.Ann. 620; City of New Orleans v. Becker, 31 La.Ann. 644; Hottinger v. City of New Orleans, 42 La.Ann. 629, 8 So. 575; State v. Crozier, 50 La.Ann. 245, 23 So. 288; Bonin v. Town of Jennings, 107 La. 410, 31 So. 866; Mathews v. Town of Farmerville, 121 La. 313, 46 So. 339; Louisiana Oyster & Fish Co. v. Police Jury, 126 La. 522, 52 So. 685; Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3. A.L.R. 955.

. In the Olan Mills case, cited in footnote 2, the coui't made the following observation, which is also pertinent to the facts now before us:
“Parenthetically, it is proper to observe that this plaintiff, prior to the (violation of the ordinance), might well have questioned the validity of the ordinance in an appropriate court of law under the provisions of the Uniform Declaratory Judgments Act, LSA-R.S. 13:4231 et seq., adopted in 1948. As stated therein, ‘Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.’ ” (Parenthesis ours.)