The opinion of the court was delivered by
McEnery, J.
The City Council of New Orleans enacted the following ordinance: “An ordinance relating to the limitation of the hours of daily service of laborers and mechanics employed upon the public works of the city of New Orleans.
“ Be it Ordained by the Council of the City of New Orleans, That the service and employment of all laborers and mechanics who are now or may hereafter be employed by the city of New Orleans, or by any contractor or subcontractor upon any of the public works of this city, is hereby limited and restricted to eight hours in any one calendar day; and it shall be unlawful for any officer of the city government, or any such contractor or subcontractor, whose duty it shall be to employ, direct or control the services of such laborers or mechanics, to require or permit any such laborer or mechanic to *1451 work more than eight hours in any calendar day, except in case of extraordinary emergency.
“ Be it further ordained, That any officer of the city government, or any contractor or subcontractor, whose duty it shall be to employ, direct or control any laborer or mechanic employed on any public works of the city, who shall intentially violate any provision of this ordinance, shall be deemed guilty of a misdemeanor, and for each and every offence shall, upon conviction, be punished by a fine, not to exceed twenty-five dollars, or by imprisonment for not more than thirty days, or by both such fine and imprisonment, in the discretion of the court having jurisdiction thereof.
“ Be it further ordained, That the provisions of this ordinance shall not be so construed as to in any manner apply to or affect contractors or subcontractors, or limit the hours of daily service of laborers or mechanics engaged upon the public works of this city for which ^contracts have been entered into priorato the passage of this ordinance.
“ Adopted by the Council of the city of New Orleans, February 25, 1896.
“Approved February 28,1896.”
The defendant was charged with violating this ordinance, and convicted in the Recorder’s Court. He has appealed, and attacks the legality and constitutionality of the ordinance on the ground that it violates Art. 46 of the Constitution of the State, and also that independent of said article the city is without power to enact said ordinance. This defence would, undoubtedly, be good if the ordinance applied to the regulating of the hours of labor generally within the city limits.
But the ordinance only regulates the hours of labor on the city public works. The city has the absolute control of its own property, and can regulate the hours of work to be employed on the same.
The ordinance violates no law so far as it designates the number of hours in which laborers may be employed on public works. Having this right over its property, it has also the right to enforce, by appropriate legislation, the violation of the ordinance fixing the hours for work on city buildings. But such an enforcement of the ordinance must be within the powers delegated to the municipality. It can not trench upon the rights of the State and invade the domain of its legislative department.
*1452 The ordinance creates the offence of misdemeanor.
The word is generally used to denote an offence in contradistinction to felony, comprehending all indictable offences below felony, but does not include offences over which magistrates have exclusive summary jurisdiction. The State of Louisiana has never made the offence criminal and indictable, and the city is without authority to make that an offence which the State has failed to do.
That part of the ordinance describing the offence and making it a misdemeanor is null and void.
The judgment appealed from is avoided and reversed, and the defendant ordered to be discharged.