MRS. MARY VITRANO,WIFE OF JOSEPH RAVINIER, : COURT OF APPEAL - #8735,

versus

: PARISH OF ORLEANS,

ISAAC LEVY.

: NEW ORLEANS,LA.

---

---

WILLIAM A. BELL, JUDGE.

---

October 16th, 1922.

BY: WILLIAM A. BELL, JUDGE.

Plaintiff files suit against defendant, claiming Four Hundred and Five Dollars and Forty-Five Cents ($405.45) the value of certain described furniture and house-hold effects, and in addition to said claim, the sum of Five Thousand Dollars ($5,000.00) damages for physical pain and suffering and mental anguish.

Petitioner alleges that the furniture, etc., was her own separate property, and that the defendant conspired with plaintiff's husband, to defraud plaintiff out of said furniture by purchasing same from her husband and by removing the same from the house she and her husband were living in, though she was temporarily at the home of her mother, sick in bed.

It is alleged that petitioner was the mother of a very young baby, and was weak and enfeebled, and was obliged to reside in the rear of her brother's plumbing shop where she did not have the necessary conveniences for herself and her baby, and that she was compelled to sleep on a cot and suffer great physical and mental pain and anguish, all of which was due to the illegal and tortious acts of said defendant in taking possession of her furniture against her will and against her consent, through the illegal and pretended sale by her husband.

A trial was had before a jury, and from verdict and judgment in plaintiff's favor for $1,000.00, the defendant appealed to the Supreme Court of Louisiana, but the case was remanded by the Supreme Court to this Appellate Court by judgment rendered May 22, 1922, which judgment reads in part as follows:

> "It is quite clear, we think, that no amount which plaintiff could recover, would even approximate the law limit of our jurisdiction. **********************************
>
> In the case of Edward Wagner v. N.O. Railway & Light Co., 91 South, 817, we reaffirmed the rule laid down in Wolf v. Stewart, 48 La. Ann. 1431, and Tieman v. Johnston, 114 La. 112:
>
> 'In an action for damages when it is apparent that the greatest possible amount that may be recovered is much less than $2,000.00, the Supreme Court is without jurisdiction ratione materiae, even though damages in a sum exceeding that amount are asked in the petition.' *********

18

It is ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that the same be lodged with that Court within fifteen days after this decree becomes final; the plaintiff to pay the costs of this Court and all other costs to abide the final result."

The charges upon which this suit is predicated are, first, that the property sold by plaintiff's husband to the defendant, was not his property, but hers, and therefore, under the articles of the Revised Civil Code of Louisiana, the said sale was null and void; but the petition further charges a conspiracy between the defendant and plaintiff's husband, resulting in the transfer of what she claimed to be all her paraphernal property, consisting of furniture and household effects, etc., to her prejudice, and for a price much less than their real value.

The defense to this suit is a denial that the property conveyed is the separate property of the wife, and the declaration that defendant had no reason to know that the husband had sold the furniture without the full knowledge and consent of the wife. Respondent avers that he purchased the property for $135.00, and the evidence shows that $10.00 was given on account, in cash, and that the balance of the consideration for the sale was paid by check, in the sum of $125.00. Defendant further denies that there was any conspiracy between him and plaintiff's husband, and that when plaintiff called to see him in protest against his purchase of the furniture, that the same was already on his premises, and that he informed plaintiff that he had already paid for the furniture. He further avers that his check was issued in payment for the furniture several hours before plaintiff had called upon him.

We find, from the evidence in this case, that most of the property in question was purchased from furniture houses or stores in this City, and that at the time of its removal from plaintiff's home, the same had only been partially paid for; that the purchases were made by plaintiff's mother, and that the furniture in question was given by the said mother to plaintiff as a present. Other items as listed in the petition, are shown to have been given to the plaintiff as wedding presents.

19

It is further proven that the plaintiff and her husband were married on the 25th day of January, 1916, and were living together in their home on Dupre Street until a few days before the alleged sale to defendant. which occurred on February 4, 1917, and that since that date up to the time of the suit herein brought, plaintiff was unadvised of the whereabouts of her husband.

It further appears that the defendant. who has been in the second-hand furniture business for many years in this City, has known the plaintiff since her childhood, and knew that they lived around the corner from his place of business. It appears that the husband, on the Saturday previous to the sale and delivery of the property in question, negotiated for said sale with the defendant, telling defendant that he and his wife were going to live in New York City.

There can be no doubt that the delivery of the furniture took place on the following Monday between seven and eight o'clock in the morning, as many witnesses testify consistently on this point. It is also true that on Monday morning after the defendant had removed the furniture from plaintiff's home, that she immediately called on him, before banking hours, and notified him that the furniture which he had removed, and which was still on his wagon, as yet unloaded, was her property, and not that of her husband, and that the plaintiff protested against his attempt to purchase the same or remove it from her custody.

It further appears that defendant was notified by her that her husband had attempted to sell the property without her consent, and that she demanded a return of all of the furniture and household effects, then on the wagon in front of, but not yet removed to defendant's store.

The evidence is also conclusive that the check for $125.00, given by defendant to plaintiff's husband, was dated February 5, 1917, one whole day after the property had been removed from plaintiff's residence, and no satisfactory explanation appears in the record which would refute the natural conclusion that

20

plaintiff's husband was not paid for this furniture until the day upon which the check is dated, in other words, that defendant had full opportunity to protect himself as to the value of the furniture, and to restore the furniture itself to plaintiff after she had come to his place of business and given him due notice that the same was not the property of the community or of her husband.

Without further review of the evidence, it must be presumed by this Court that the facts just recited were those found by the jury and approved by the Judge of the Trial Court.

The law of this case appears to us to present two important questions: First, whether the presumption of law arising from Art. 2385 R.C.C. is overcome by the facts of this case, and secondly, whether the conspiracy herein charged involves a tortious act for which damages, under Art. 2315 of the Revised Civil Code, could be recovered.

Art. 2385 provides:

> "Paraphernal property which is not ad-
> ministered by the wife separately and alone,
> is considered to be under the management
> of the husband."

The above provision of the law carries a presumption which of course may be overcome by evidence to the contrary. Defendant relies particularly on the decision of this Court rendered in the case of Mrs. Eva Crone v. Thomas F. Fuge, #4517 Orl.Ct.App. In that case, however, this Court, on rehearing, reversed its former decree, and set aside the judgment of the Lower Court, on the ground that it was shown, on rehearing, that no evidence in the record of that case was produced to rebut the presumption of law under Art. 2385 R.C.C. that the husband has the administration of the paraphernal property of his wife, and for this lack of evidence, the burden of which was upon the plaintiff, the Court refused to find the defendant liable for the value of a diamond ring belonging to the wife and sold to the defendant by the husband.

21

In the case before us, however, there is positive evidence to the effect that the defendant, before concluding the transaction with plaintiff's husband, and before finally paying for, or receiving in his store the furniture in question, he was duly notified by the plaintiff that her husband had no title to the property. and no right to administer the same, and that notwithstanding this fact, he proceeded to consummate the transaction, to plaintiff's prejudice. For this reason, we do not consider the authority above quoted as applicable to the case now under consideration.

Our consideration of the whole evidence in this case would not, in our opinion, justify a conclusion that the defendant conspired with the husband to in any manner defraud or injure the plaintiff. Notwithstanding this fact, if the transaction complained of can be shown to have resulted in damages suffered by the plaintiff, she is. under the law, entitled to recover the same, when said damages are properly established by the evidence.

We are convinced that the action of the defendant in this case was due to his fault in failing to protect the plaintiff when given by her due notice of the facts of this case. Having failed to restore her property, when the opportunity offered itself, and having persisted, as the evidence shows. in consummating the transaction with the husband. we are of the opinion that the defendant, as found by the judgment of the Lower Court, committed a tortious act, for which he must respond in damages.

The verdict and judgment rendered in the Trial Court was for One Thousand Dollars ($1,000.00). It is not shown how the jury arrived at the amount thus awarded. Plaintiff has not clearly established to our satisfaction that she suffered damages to the extent awarded by the jury. When asked, "You allege in your petition that you suffered hardship by the sale of this furniture. State what that hardship consisted of," plaintiff answered: "I do not remember; I had to sleep on a cot, as they had no room for me, and I had to take care of my young baby."

22

We are of the opinion that the damages allowed are excessive, and should be reduced to the sum of Five Hundred Dollars, ($500.00).

It is therefore ordered, adjudged and decreed, that the judgment herein appealed from be, and the same hereby is amended, to the extent of reducing said judgment from the sum of One Thousand Dollars ($1,000.00) to the sum of Five Hundred Dollars ($500.00), and that there be judgment in favor of plaintiff, Mrs. Mary Vitrano, wife of Joseph Ravinier, and against the defendant, Isaac Levy, in the full sum of Five Hundred Dollars ($500.00) with legal interest thereon from date of judgment herein until paid, defendant to pay all costs save those incurred on the appeal to the Supreme Court of Louisiana, which latter costs have already been taxed by the said Court on the plaintiff.

JUDGMENT AMENDED, AND AS AMENDED AFFIRMED.

October 16, 1922.